CASE 67—ACTION OF BATH COUNTY, &C. AGAINST JOHN A. DAUGH-
ERTY, COMMISSIONER, FOR A MANDAMUS.—MAY 28.

# Bath County ex. rel. Brown v. Daugherty Comm'r.

APPEAL FROM BATH CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

COUNTY TREASURER—ELECTION BY FISCAL COURT—POWER OF COUNTY
JUDGE AS MEMBER OF FISCAL COURT—QUORUM.

Held:  1. Under Kentucky Statutes, section 929, providing for the
appointment of a county treasurer by a majority of the mem-
bers of the fiscal court, 'and that, in case of a vacancy in said
office, it shall be the duty of the county judge to call the mem-
bers of the fiscal court together and hold a special term to fill
the vacancy, and that, in case of a failure or refusal of the
county judge "to perform any of the duties herein required of
him . . . any three of the members of said court may con-
vene the court, elect one of their body to preside, and appoint
a treasurer in the manner herein provided," three members of
the court have no power to convene the court to appoint a
treasurer until the court has first determined that it is neces-
sary to have a county treasurer; it being provided by Ken-
tucky Statutes, section 938, that "whenever the fiscal court of
any county in this Commonwealth, in its discretion, shall deem
it necessary to have a county treasurer to manage the financial
affairs of the county, said court shall proceed to appoint a
county treasurer for said county in the manner provided for in
this act."
2. Under Const. section 144, providing that the fiscal court shall
"consist of the judge of the county court and the justices of
the peace, in which court the judge of the county court shall
preside, if present," and that "a majority of the members of
said court shall constitute a quorum for the transaction of bus-
iness," the judge of the county court is a member of the fiscal
court, and not merely a presiding officer, and therefore, where
there are five justices of the peace, the fiscal court consists
of six members, and three members do not constitute a quorum
for the transaction of business, even though the Legislature
may have attempted to limit the duty of the judge of the
county court to that of presiding.

Bath County, *ex rel.* Brown v. Daugherty, Commissioner.

W. S. GUDGELL, R. GUDGELL & SON AND C. G. McALLISTER, FOR APPELLANT.

The question in this case is whether or not three justices of the peace can call a special term of the fiscal court, and elect a county treasurer, where the court is composed of five justices and the county judge.,

Our contention is, that a majority of the *justices of the peace* of a county can elect a county treasurer or transact any other business of the county; that the county judge and twe justices would not be a quorum, but that three justices of the peace, where there are only five in the county, constitute a quorum without the county judge.

In other words, we contend that the county judge should not be counted to make a quorum, because he is not a voting member of the court.

### AUTHORITIES CITED.

Act February 24, 1893, Kentucky Statutes, secs. 929, 1833-34-36-37-38-43-42-3502, 3617; Hoke v. Fields, 10 Bush, 145; Standford v. Wingate, 2 Duval, 444; McArthur v. Nelson, 81 Ky., 69; Constitution, sec. 144; Gen. Statutes, B. & F., Article 12, sec. 1, p. 385; Somerset v. Smith, 20 R., 1488; State v. Adams, 2 Stew. Ala., 231; Bouvier Law Dic. on Presiding Officers: Lawrence v. Ingersol, 6 L. R. A., 308 and note, State, &c. v. Crow, &c., 4 L. R. A., 551; Hornung v. State, 2 L. R. A., 510; Hewett, Auditor v. Craig, 86 Ky., 28; Telman v. Otter, 14 R., 586.

C. W. GOODPASTER AND ALEX. CONNER, FOR APPELLEE.

### POINTS AND CITATIONS.

1. Three justices did not have the power to call a special term of the fiscal court in 1901. Section 1837, Kentucky Statutes.

2. It is discretionary with the fiscal court whether there shall, or shall not, be a county treasurer. Section 938, Kentucky Statutes.

3. Unless necessity so requires *and* the county judge is unable to act *all* the justices can not call a special term of the fiscal court. Section 1837, Kentucky Statutes.

4. Not less than a majority of the members of the fiscal court shall constitute a quorum for the transaction of business. Sec. 144 of Constitution and section 1834, Kentucky Statutes.

5. The votes of a majority of all the members of the fiscal

court are necessary to appoint a treasurer. Sec. 929, Kentucky Statutes.

· 6. The fiscal court is composed of the county judge and justices of the peace. Section 144 of Constitution, and section 1833, Kentucky Statutes.

OPINION OF THE COURT BY JUDGE DURELLE—AFFIRMING.

This proceeding was a petition by Bath county, on the relation of T. H. Brown, and T. H. Brown as treasurer of Bath county, against John A. Daugherty, commissioner and receiver of the Bath county fiscal court, for a mandamus to compel him to make a settlement of the matters in his hands with the county treasurer, and to turn over to the latter all money, funds, books, papers, etc., belonging to the said office of county treasurer. A demurrer to the petition was sustained, the plaintiffs declined to plead further, and the petition was dismissed.

From the petition and the exhibits filed therewith, which are copies from the record of the fiscal court, it appears that Daugherty in January, 1901, was appointed commissioner and receiver of the Bath fiscal court, executed bond, settled with the sheriff, and received from him several thousand dollars; that there are five justices of the peace in Bath county; that in November, 1901, three of the justices met, and, having demanded of Daugherty, who is judge of the Bath county court, the calling of a session of the fiscal court of Bath county for the election of a county treasurer, and he having refused to do so, they entered an order for a term of court to be held on the 3d of December for the purpose of electing such treasurer. On the ·3d of December they again met, and ordered attachments for the two absent justices, and adjourned to the 4th of December. On December 4th one of the attachments was executed by arresting Justice Stephens, who sued out a writ of *habeas corpus* before Daugherty, the county judge,

and was discharged. Justice Clark was also arrested, and gave bond for his appearance; but the sheriff reported that both Clark and Stephens were in the office of the county judge, across the hall from the court room where the three justices had met. The sheriff was then ordered to go, and did go, to the county judge's office, to notify the county judge and the two justices of the meeting, but admission was refused. Thereupon the three justices voted to elect a treasurer, and voted unanimously for T. H. Brown, who thereupon took the oath and executed bond, which was approved by the three justices, and ordered filed and spread upon the record. An order was then made directing Brown to collect all taxes and funds due or to become due in the hands of the sheriff, and to have a settlement with Daugherty, as receiver of the Bath fiscal court, and collect from him all money and funds in his hands. Daugherty positively refused to make any settlement with Brown. The contest is as to whether Brown has been lawfully elected county treasurer.

By the act of February 27, 1893 (Kentucky Statutes, section 928 *et seq.*), there was created in each county the office of county treasurer, and it was provided in section 938 that "whenever the fiscal court of any county in this Commonwealth, in its discretion, shall deem it necessary to have a county treasurer to manage the financial affairs of the county, said court shall proceed to appoint a county treasurer for said county in the manner provided for in this act." It is conceded that Bath county has never had a treasurer, unless Brown became one by virtue of the proceedings set up here. So that the question for determination is whether the fiscal court has proceeded to appoint Brown as county treasurer in the manner provided for in the act. By section 929 it is provided that the treas-

urer "shall be appointed by the fiscal court of the county, said appointment to be made on the first day of the regular April term, 1893, of said court held for the county, and on said day every two years thereafter, a majority of said court being present, and a majority of all members of said court, shall be necessary to appoint; if for any cause said appointment is not made on that day, it shall be the duty of the county judge to call the members of said court together for that purpose on a day to be fixed by order entered of record on the order-book of the court, not exceeding two weeks thereafter. If, however, the regular term of court has expired on the day fixed, the county judge shall hold a special term of the fiscal court for the appointment of said treasurer. [Then follow provisions as to service of notice of the meeting, as to the qualifications of the officer, his bond, oath of office, and the mode of his removal from office.] In case of a vacancy in said office from any cause whatever, it shall be the duty of the county judge to call the members of the fiscal court together and hold a special term thereof to fill the vacancy. In case of a failure or refusal of the county judge to perform any of the duties herein required of him, he shall be guilty of a misdemeanor, and on conviction shall be fined not exceeding one hundred dollars; and on such failure or refusal of the county judge, any three of the members of said court may convene the court, elect one of their body to preside, and appoint a treasurer in the manner herein provided." These are the provisions as to the manner of appointing the county treasurer.

It is claimed on behalf of appellant Brown that this act was enacted with an emergency clause, and a clause repealing all acts or parts of acts in conflict with it; that the office of county treasurer is created by the Legislature,

and is filled by appointment by a specified agency,—the fiscal court,—but in certain contingencies that agency to the fiscal court created by the first portion of section 929 is withdrawn, and the agency conferred upon three members of the court by the latter part of that section; that the contingency provided in which three members may convene the court and appoint a treasurer had happened, and therefore the agency took effect, and the appointment was effective. The difficulty in this contention is that the contingency upon which three members of the court were authorized to act as an appointing agency, without reference to the question whether they constituted a quorum or a majority of the members of the court, appears not to have occurred. There has never been a vacancy. Until the fiscal court determines, under section 938, that it is necessary to have a county treasurer, there can be no vacancy, within the meaning of the second part of section 929. Nor unless three justices constitute "a majority of all the members of the court," or a quorum of the members of said court, is any duty devolved upon the county judge to call the members of the court together for the purpose of electing a county treasurer, either to fill a vacancy, or to fill the office by original appointment. It would seem, under the first part of section 929, that the county judge might incur the penalty denounced for "failure or refusal . . . to perform any of the duties herein required of him," if it were determined by the court (a quorum being present) that the appointment of a county treasurer was necessary, and if he thereupon should fail or refuse to call the members of the court together for the purpose. Undoubtedly he would be liable, under the second part of the section, if he failed to do so in case of a vacancy. Brown was therefore not appointed treasurer by

virtue of the statutory provision that on the failure or re-
fusal of the county judge any three of the members may
convene the court, elect one of their body to preside, and
appoint a treasurer, even if we assume—what is not neces-
sary to be here decided—that in such a case the three may
appoint, and that the words "appoint a treasurer in the
manner herein provided" do not require conformity to the
provision in the first part of the section,—that "a majority
of all the members of said court shall be necessary to ap-
point."

It is next contended that Brown was elected treasurer
by a majority of the fiscal court, acting as a court; that
Bath county has five justices of the peace; that the county
judge is merely the presiding officer of the fiscal court;
that he has no power, except to preside, preserve order,
and fine for contempt; that he can not be counted to make
a quorum of the members, nor can he be counted as one
of the members in order to ascertain how many constitute
a majority; and that in a county where, like Bath, there
are five justices, three justices constitute a quorum, and a
majority of all the members of the court; that, if the coun-
ty judge can vote in case of a tie, it is by virtue only of
the general law governing parliamentary bodies, because
he is the presiding officer.  By section 144 of the Constitu-
tion it is provided that, in counties which do not have com-
missioners, the fiscal court shall "consist of the judge of
the county court and the justices of the peace, in which
court the judge of the county court shall preside, if pres-
ent. . . . A majority of the members of said court shall
constitute a court for the transaction of business."  The
statute (section 1833, Kentucky Statutes) provides that
each county "shall have a fiscal court, which shall consist
of the judge of the county court and the justices of the

peace of said county, and their successors in office, in which court the judge of the county court shall preside, if present. If said judge is not present and can not preside, then a majority of the justices of the peace shall elect one of their number to preside, said justice so elected to act as judge of said court during the absence or inability of the county judge to preside." By section 1836 it is provided that "the county judge shall be the presiding judge of the fiscal court, preserve order and may fine and imprison for contempt of court," and in his absence, or when he can not preside, the justice elected in his stead may do so. Appellant claims that this section is a limitation of his powers to those specifically enumerated therein. Section 1837 provides, "Not less than a majority of the members of the fiscal court shall constitute a quorum for the transaction of business, and no proposition shall be adopted unless by the concurrence at least of a majority of the members of the court present." The Constitution, in our opinion, makes the county judge a member of the court. Being such a member, he has the powers of a member. The statute may grant him other powers, but can not take away those granted by the Constitution. The case of City of Somerset v. Smith (105 Ky., 678) (20 R., 1488) (49 S. W., 456) is not applicable, because in fourth-class towns the statute which makes the mayor the presiding officer of the council limits his powers as such to presiding, and giving the casting vote in case of a tie. Therefore the mayor can not be counted to make a quorum. But we think the county judge has all the powers of any other member of the fiscal court, including the right to vote. That court in Bath county therefore consisted of six members, and three members did not constitute a majority of the members,

nor could they make a quorum for the transaction of business.

It follows, therefore, that the judgment must be affirmed.

Judge O'Rear was absent when this case was considered; Judge Hobson sitting in his stead.