## Brooks, et al. v. Johnson, et al.

(Decided May 17, 1912.)

### Appeal from Webster Circuit Court.

1.  Stock Law—How Vote Upon Question Ordered—Construction of Statutes.—Under the provisions of section 4646, Kentucky Statutes, an election to determine whether or not stock shall be permitted to run at large must be ordered by a majority of all the magistrates; therefore, where there were five magistrates in the county, and four of them were present, an election held under a vote ordering it by two of them together with the County Judge, was void.

2.  Stock Law—Construction of Statutes—Exception to General Rule of Construction.—When section 4646, Kentucky Statutes, expressly provided that the decision should be by a majority of the members composing the court, it took the decision of this action out of the general rule demanding a majority of a quorum under the general law as provided in section 1837, and fixed it that the decision must be by a majority of the individual members of the court.

BOURLAND & HUNT for appellant.

C. W. BENNETT, BAKER & BAKER for appellee.

OPINION OF THE COURT BY JUDGE WINN—Reversing.

Section 4646 of the Kentucky Statutes provides that before an election to decide whether or not stock shall be permitted to run at large can be held, "the Fiscal Court of the county shall decide by a majority of the members composing the same" whether such election shall be by districts or by the entire county. Such an election was held in Webster county in 1911. At the meeting of the Fiscal Court ordering the election there were present the county judge and four magistrates. Two of the justices present and the county judge voted in favor of submitting the question to the voters of the several magisterial districts separately; while the other two justices present voted in favor of submitting the question to the voters of the county as a whole. The Fiscal Court of the county was composed regularly of five justices and the county judge. The appellants, plaintiffs below, brought this action on the theory that the words "the Fiscal Court of the county shall decide by a majority of the members composing the same" mean a majority of all the magistrates and the county judge, and not a majority of the quorum present transacting the business of the court. The Circuit Court dismissed their petition upon the view that the words meant a decision by a majority of those present.

The county judge is a member of the Fiscal Court. Bath County v. Daugherty, 113 Ky., 518. The entire membership, therefore, of the Fiscal Court of Webster county was six in number. If a majority of the members, under the statute quoted, needed to concur, the affirmative vote of three concurring in the order for magisterial district elections would not meet the requirement of the statute. On the other hand, since there were only five present at the meeting, if the words quoted contemplated action by a majority of the members present at the court, then the affirmative vote of three was sufficient to order the vote by magisterial districts. Under section 1833 of the Kentucky Statutes the Fiscal Court consists of the county judge and the justices of the peace. Under Section 1837 of the statutes a majority of the members of the court constitute a quorum for the transaction of business, and at least a majority of the court present must concur in the adoption of any resolution or order by the court. Had it been the purpose of the Legislature to permit the question at bar to be determined by a majority of the quorum present there would

have been no necessity to write in section 4646 of the statutes the provision that the decision should be "by a majority of the members" of the court. In other words, the Legislature would only have needed to require that the decision should be by the Fiscal Court, in which event the majority of a quorum named in section 1837 would govern; but when it expressly provided that the decision should be by a majority of the members composing the court it took the decision of this question out of the general rule demanding a majority of a quorum under the general law as provided in section 1837 and fixed it that the decision must be by a majority of the individual members of the court. Unless this construction be given to the provision named in section 4646 that provision would be surplusage and would mean nothing. It can not be assumed that the Legislature would give its time to useless and unmeaning legislation. The purpose of the general assembly was clear. It had in mind that the interests of the different portions of any given county might vary widely. In the poorer and unfenced sections of many counties it might be unjust that stock should not be permitted to run at large. The members of the Fiscal Court, of necessity come from and represent the spirit of all sections of a county. It was therefore just that before the larger and better sections of a county should through their magisterial representations order an election for the county as a whole the magistrates from all sections should have an opportunity to be heard, and that the final decision of whether the vote should be by districts or in the entire county be determined by a majority of all the magistrates. Since, therefore, under the foregoing view there was never any lawful determination of the right to hold this election by magisterial districts the election held was void.

The judgment of the Circuit Court is reversed for proceedings consistent herewith.