## Silbersack v. Kraft, et al.

(Decided April 28, 1922.)

### Appeal from Campbell Circuit Court.

1. Counties—Indigent Persons.—Section 1840, Kentucky Statutes, invests the fiscal court with jurisdiction to provide maintenance, care and treatment for the sick, indigent and helpless poor, including the employment of persons to supervise the poor houses or infirmaries, and to minister the care and treatment, as well as to provide poor houses, farms and hospitals for them.

2. Counties—Jurisdiction of County Court.—The county court is a court whose jurisdiction depends in every instance upon express statutory authority.

BARBOUR & BASSMAN for appellant.

HORACE W. ROOT and CONRAD G. MATZ for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Affirming.

The controversy in this action arises from a difference of opinion as to what authority is authorized to appoint a commissioner or superintendent of the poor, or as such person is ordinarily called a poor-house keeper. The county court claiming the authority appointed the appellant, while the fiscal court claiming that such was a matter within the domain of its powers, designated the appellee, Kraft, to exercise the duties, which, under the system adopted in Campbell county, are required of the commissioner or superintendent of the poor, who are maintained at the poor-house or county infirmary. The circuit court was of the opinion and so decided, that the fiscal court had the power and authority to appoint or employ such commissioner, and the appointee of the county court has appealed.

The character of the position or employment considered in connection with the provisions relating to the respective jurisdictions of the contending courts, sheds a strong light in aid of a correct determination. A commissioner or superintendent of the poor, such as exists under the systems for the care of the poor adopted in certain counties or keeper of the poor-house, as he is denominated in the systems practiced in others, is only a quasi officer, performing such duties as are required of him by the appointing or employing authority, and vested with such powers as are bestowed upon him, as the agent of such authority, and usually his tenure of office, duties and emoluments are controlled by contract. The position or employment is unknown to the Constitution as an office or otherwise, and the term by which the position is called is not found in any statute now included in the adopted compilation of the statute laws, except in section 3925, Kentucky Statutes, and the creation of such a place is there left a matter of discretion with the court, as well as his authorities and duties. Its duties are not defined by any statute or law. The services of such agent or employe are dispensed with in many counties, and in others, there is one or more, as in the discretion of the county government there may be need of or as the system for the care, sustenance and maintenance of the poor demands. Such facts, considered in connection with the statute, which defines the general powers and duties of the fiscal court, leaves little doubt, that the authority to appoint, create or employ a commissioner of the poor and to prescribe his duties, rests with that court, whether the commissioner is to be considered an officer, agent or employe. The statute referred to is section 1840, Kentucky Statutes, and provides: "The fiscal court shall have jurisdiction to appropriate county funds authorized by law to be appropriated to erect and keep in repair necessary public buildings, secure a sufficient jail, and a comfortable and convenient place for holding court at the county seat, to erect and keep in repair bridges and other structures, and superintend the same; to regulate and control the fiscal affairs and the property of the county; to make provision for the maintenance of the poor, and provide a poor-house and farm, and provide for the care, treatment and maintenance of the sick and poor, and provide a hospital for said purpose, or contract with any hospital in the county to do so, and provide for the good condition of the highways in the county and to appropriate county

funds to make provision to secure immigration into the county, and to advertise the resources of the county, and to appropriate county funds for the benefit of colleges and for infirmaries for the sick, located in the county, and to execute all of its orders consistent with the law and within its jurisdiction, and shall have jurisdiction of all such other matters relating to the levying of taxes as is by any special act now conferred on the county court of claims.''

It will be observed, that the foregoing statute bestows the jurisdiction upon the fiscal court ''to make provision for the maintenance of the poor, and provide a poor-house and farm, and provide for the care, treatment and maintenance of the sick and poor, and provide a hospital for said purpose, or contract with any hospital in the county to do so,'' and again ''to appropriate county funds . . . for infirmaries for the sick located in the county, and to execute all of its orders consistent with the law and within its jurisdiction.'' This language, it seems, gives to the fiscal court jurisdiction to do any and all things necessary, not only for the maintenance of the poor, but for their care and treatment, which would include the employment of persons to care for, supervise and minister to their wants, as well as to provide funds to secure maintenance, care and treatment. The fiscal court, alone, has jurisdiction to provide a poor-house or farm, and to provide a hospital in the county for the maintenance, care and treatment of the sick and poor, or it may contract with any other hospital in the county to do so. It will, thus, be observed, that the system to be adopted for the maintenance, care and treatment of the poor is a matter within the sound discretion of the fiscal court, and the engagement of a superintendent of the poor-house, or keeper of such house, or commissioner of the poor, so called, it may or may not do as the necessities of the system adopted may demand. It would be an inconceivable mixture of powers, if an authority existed in one to determine the necessity for and to create an employment and to provide the funds to support it or to discard it, to fix the tenure of the employment, its duties and emoluments, and the power be withheld to name the employe, when the jurisdiction to care for and treat the object of the employment is imposed.

It is insisted, however, that the provisions of section 3925, Kentucky Statutes, vest the county court, as now

constituted of the county judge, alone, with the power to appoint a commissioner of the poor, or superintendent of the poor-house or infirmary. That statute provides, as follows:

"Each county court shall have the power to purchase and receive a conveyance of land, for the purpose of erecting a poor-house thereon, and for the use and sustenance of the poor of their respective counties; and may contract for erecting a poor-house and other improvements on the land, and may purchase furniture for the house, and implements and other necessary property for the institution. The court shall, also, have power to levy a sum sufficient to pay for the land and the necessary improvements and repairs to be made thereon and to support the poor of the county and to pay the commissioner and other persons employed in the institution; and to appoint one or more commissioners of the poor-house and premises, and of the poor of the county, whom the court may order to be kept in the poor-house; and to vest the commissioner with power, by coercion, to cause any able-bodied person, kept at such house, to labor; and to appoint a suitable person to receive the money levied for the institution to apply the same to the support of the poor in such house, and to allow such receiver a reasonable compensation for his services. But the county court may appoint the same person to perform the duties of receiver and commissioner."

To construe the foregoing act as having application to the present county court, composed of the county judge, alone, would be to hold, that substantially all the powers given to the fiscal court, by section 1840, *supra,* upon the subject of providing a poor-house and farm, and the maintenance, care and treatment of the poor were vested in the county court, and that the fiscal court was without jurisdiction upon such subject. Ascertainment, however, to what county court, the act applies dispels the difficulty. Previous to the Constitution of 1850, the county court was composed of the justices of the peace of the county and there was no county judge, neither was there any fiscal court, by that name. The Constitution of 1850, provided for a county court to be presided over by a county judge and two associate judges, but the General Assembly was invested with authority to abolish the associate judges, in which event it might enact legislation, providing for the association, of all or as many as it might determine to be proper, of the justices of the

peace of the county, with the county judge to constitute the court, for the transaction of the financial business of the county. Constitution, 1850, sections 29 and 37, of Article iv. In 1851, the legislature abolished the associate county judges, but, by the same act, provided that at the term of the county court called the court of claims, held in October of each year, that the justices of the peace of the county, should sit with the county judge and he and they should constitute the county court for settling claims against the county, *making provision for the poor* and making appropriations, and levying the necessary taxes. Chapter 419, Session Acts, 1851. Thereafter, while the county court performed all the duties with relation to making provision for the maintenance, care and treatment of the poor, providing a poor-house and selecting employes to care for them, such powers were exercised by the court of claims or the county court consisting of the presiding judge and the justices of the peace associated with him. The county court consisting of the judge, alone, however, exercised the power to declare one a pauper or to consign a pauper to the poor-house. Section 3925, *supra,* heretofore quoted, is the second Section of Chapter xxi, of the Session Acts of 1851-52, and there it appears in substantially the same language, as the present section of Kentucky Statutes. It appears in the Revised Statutes, in the same words of the act of 1851-52, and in the General Statutes, with a few verbal changes, in 1872, and continued in the General Statutes, until the Kentucky Statutes, and since then unchanged, in the various publications of the Kentucky Statutes. Evidently the provisions of Section 3925, *supra,* were intended to apply to the sessions of the county court, when the justices of the peace were associated with the county judge. When the present Constitution was adopted, a half century since the enactment of Section 3925, *supra,* it created a new court to be known as the fiscal court, to be composed of the county judge and the justices of the peace, or else the county commissioners, in such counties, as in which the commission form of county government should be adopted. Section 140 of that instrument provides for a county court to consist of the county judge alone, and Section 141 provides that its jurisdiction shall be regulated by general law, and until changed should be as vested in the county courts, at that time. Section 144 of the Constitution creates the fiscal court, and thereafter the General Assembly enacted laws defining the powers

and jurisdictions of both the county court and of the fiscal court, and the general subjects of jurisdictions of the latter were defined in section 1840, *supra.* Its personnel and duties are prescribed at length by Sections 1833 to 1893a-9, inclusive, of Kentucky Statutes. Evidently, the purpose of the legislature was to invest the fiscal court with all the subjects of jurisdiction, formerly exercised by the county court of claims, and especially with all the financial affairs of the county, generally, and the duty of providing the poor with maintenance, and their care and treatment, including the providing of poor farms and houses, and their management and supervision. It will be observed at once, that all the powers assigned to the county court by Section 3925, *supra,* are vested in the fiscal court by Section 1840, *supra,* and while the latter statute does not expressly authorize the appointment of a commissioner of the poor, as does the former, its terms are such as to include that power, and the enactment of Section 1840, *supra,* worked a repeal of Section 3925, *supra,* as the evident purpose of the legislature was to invest the fiscal court with jurisdiction to deal with the entire subject treated of in Section 3925, *supra.*

Since the adoption of the present Constitution the statutes defining the jurisdiction of the county courts, with reference to the appointment of commissioners of the poor or to any control of the care, treatment or maintenance of the poor have been silent. County courts are now and have always been courts of limited jurisdiction and derive all their powers from some express statutory enactment. Gilbert v. Bartlett, 9 Bush 49; Freeman v. Strong, 6 Dana 282; Commonwealth v. Central Consumers' Co., 122 Ky. 439; Chandet v. Stone, 4 Bush 210; Small v. Small, 2 Bush 45; Kilbourn v. Chapman, 163 Ky. 136; Tulley v. Geoghan, 3 J. J. M. 377; Russell Co. v. Hill, 164 Ky. 360.

The judgment is therefore affirmed.