## Leslie County v. Keith.

(Decided February 5, 1929.)

J. H. ASHER and J. M. BAKER for appellant.

J. M. MUNCY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Dr. P. J. Keith, the appellee, rendered medical services to the poor in Leslie county, and submitted his claim for $1,289 to the fiscal court for payment, which was refused. He appealed to the circuit court, where a trial before a jury resulted in a verdict in his favor for $300, and the county has brought the record here and entered a motion for an appeal. The motion must be sustained, the appeal granted, and the judgment must be reversed.

Section 1840, Kentucky Statutes, vests in the fiscal court authority to appropriate county funds which are authorized by law to be appropriated. The fiscal court by that section has imposed upon it the duty to make provisions for the maintenance of the poor, and provide a poorhouse and farm, and provide for the care, treatment, and maintenance of the sick and poor. The appellee rendered the services which he claims to have rendered, and in doing so he was rendering a service to humanity; but he did not render the services under the authority of the fiscal court. County governments never become indebted by implication, and the county cannot be held responsible for a claim without its first being shown that there was a legal obligation to pay it. Wortham v. Grayson County Court, 13 Bush (76 Ky.) 53; Mitchell v. Henry County, 124 Ky. 833, 100 S. W. 220, 30 Ky. Law Rep. 1051.

The only contention made by the appellee that the county, through its fiscal court, directed these services to be rendered, is that individual magistrates told him to do it. The fiscal court can only act as a body when it is in session for the purpose of taking action. Every person who deals with the county is required to take notice of the law, and he must know the extent of the authority of the county in contracting with him. A county can contract only in the manner and by the persons and for the purposes expressly provided by statute. Perry County v. Engle, 116 Ky. 594, 76 S. W. 382, 25 Ky. Law Rep. 813. A person dealing with the fiscal court must look to the orders of that court, and not to the oral expressions of individual members of the court. It can speak only

through its orders. McKechnie et al. v. Canada, 198 Ky. 807, 250 S. W. 111.

It is suggested by counsel for appellee in his brief that section 3931, Kentucky Statutes, which authorizes the county judge to make provision for medical attention to the sick and poor, has been repealed by section 1840, Kentucky Statutes. The case of Silbersack v. Kraft et al., 194 Ky. 587, 240 S. W. 392, appears to bear him out in that contention.

It is insisted that it has been the custom in Leslie county for members of the fiscal court, individually, to direct physicians to render medical attention to the poor. That may be true, but custom in such cases cannot set aside the law.

We do not mean to hold that the fiscal court cannot make arrangements whereby a physician may render medical attention to the poor for which he shall be entitled to compensation. Such arrangement must be within the law, and the directions must come from the fiscal court. The fiscal court might authorize the county judge to contract for such services and thereafter ratify what he had done. But we have no such case presented to us.

We are quite sure that doctors everywhere in their service to humanity render medical service to the poor for which they know they will receive no compensation. That is a part of their work, which they do not usually shirk, and, while it is unfortunate that they cannot be paid for such service, unless they have a legal contract with some one authorized to make payment, it would be violative of the laws governing such matters to hold that the doctor might of his own volition render such services, or under the directions of some one lacking legal authority, and then submit his claim to the fiscal court and demand as a matter of right that his claim should be paid.

Appeal granted, judgment reversed, and cause remanded for proceedings consistent with this opinion.