## Delph v. Clay County et al.

(Decided November 19. 1929.)

A. D. HALL and FRANK H. BAKER for appellant.

D. Y. COLSON for appellees.

Opinion of the Court by Commissioner Stanley—Affirming.

In his petition against Clay county and its fiscal court, the appellant, Alex Delph, averred that he and his wife were aged and in feeble health; that Edgar Delph was born and had lived all his life in Clay county, was more than 30 years of age, weighed about 160 pounds, was helpless, is a confirmed invalid, and needs and requires more attention and care than a 3 months old infant; that he has never owned any property of any character, and "was legally adjudged a pauper of this county prior to each and all the time complained of herein, and which judgment is still in full force," etc.

The petition further charges that it was and is the duty of the county and its fiscal court to care for and provide for Edgar Delph and other paupers of the county, and that Delph had been cared for by plaintiff for "quite a while" under a contract with the fiscal court. He then stated that at its October, 1924, term the fiscal court "failed and refused to enter into further contract" with him, and he had thereupon surrendered Delph to the fiscal court and "directed them to take him off the hands of plaintiff," and had since at sundry times entreated that body to do so, but it had refused. The plaintiff had kept and cared for Edgar Delph as a pauper since October, 1924, and on October 3, 1926, he presented a bill to the fiscal court for that service for $730, being at the rate of $1 a day, alleged to be reasonable. The court by an order disallowed the claim, and this petition sought recovery on that account. A demurrer to the petition was sustained, and, upon plaintiff declining to plead further, the petition was dismissed, and this appeal prosecuted.

Appellant relies upon section 3933 of the Statutes, which is as follows: "It shall be the duty of the county courts to provide for the support of the paupers of their respective counties." Section 1840 provides that the

fiscal court shall provide for the care of the poor and is authorized to make appropriation therefor. In Silbersack v. Kraft, 194 Ky. 587, 240 S. W. 392, it was held that section 3925, which is a part of the same chapter as section 3933, was repealed by the enactment of section 1840, and it would seem section 3933 was likewise affected. But it is not necessary to decide that here, for the claim was made against the fiscal court.

In the case of Leslie County v. Keith, 227 Ky. 663, 13 S. W. (2d) 1012, it was held that a physician who had rendered professional service to paupers of the county could not recover compensation therefor, in the absence of a contract or authority of the fiscal court acting officially. It is not necessary that the settled grounds upon which that opinion is rested should be here repeated. In this case we have it specifically alleged the fiscal court of Clay county had refused to enter into the contract sued on.

While it would appear from the allegations of the petition that it was the duty of the county to care for the pauper referred to (it not being shown he is an idiot), as to how that should have been done was a matter resting in the discretion of the fiscal court. Silbersack v. Kraft, supra. It cannot be required to pay plaintiff for his services, however meritorious his claim for compensation may be as a moral obligation. He had a legal remedy for relief of his charge when the court refused to contract with him but he did not invoke it.

Judgment affirmed.