## Farmer v. Marr et al.

(Decided April 21, 1931.)

418

W. G. DEARING for appellant.

HARRY TINCHER and HARRIS COLEMAN for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—
Affirming.

The question presented by this appeal is the right of the two county commissioners to appoint and fix the salary of the "commissioners of the poorhouse and premises of a county by virtue of section 1850, Ky. Statutes," under the particular facts of this case.

The county judge of Jefferson county, at all times, has assumed and exercised the authority to appoint a person or persons to discharge the duties of this position, and as receiver of the funds required for "the care, treatment and maintenance of the inmates of the poorhouse provided by the county for that purpose."

Acting under such an appointment, the appellee Joseph Marr (at a salary of $75 per month) and four others, with S. O. Willoughby, as secretary, during the term of County Judge Fox, have been discharging the duties of commissioners of the poorhouse and premises and receiver of Jefferson county, the fiscal court without objections, making the appropriations therefor, including the salaries of the incumbents.

The fiscal affairs of Jefferson county have been administered by the county judge and three commissioners, constituting the fiscal court, beginning in the year 1918. On June 20, 1930, the fiscal court was composed of Henry I. Fox, county judge, Ben L. Brumer, Frank J. Humbert, and Ben F. Voght, commissioners. Commissioner Bruner, in open court, on that day entered a motion which was seconded by Frank J. Humbert, to declare vacant the office of Marr as one of the commissioners of the poorhouse and premises and receiver. Commissioners Bruner and Humbert voted in the affirmative; Judge Fox and Commissioner Voght voted in the negative. On August 22, 1930, Commissioner Bruner entered a motion to declare vacant the office of Marr, reciting that the fiscal court in session on the 20th day of June, 1930, had voted on a motion to declare vacant, as to the appellee Marr, the office of commissioner of the poorhouse and premises and receiver, which resulted in a deadlock—or tie vote. A vote was taken on this motion; Commissioners Bruner and Humbert again voted "Yes" and Judge Fox and Commissioner Voght voted "No." The motion was declared lost. On August 20, 1930, Commissioner Bruner entered a motion to declare the appellant elected commissiner of the poorhouse and premises and receiver, in the place of Joseph Marr, at a salary of $150 a month, and that his bond be fixed at $1,000. On this motion Commissioners Bruner and Humber voted for it; Judge Fox and Voght against it.

On the 19th day of September, 1930, or more than fifteen days after the session of the court held on August

29, 1930, Commissioner Bruner entered a motion which was seconded by Commissioner Humbert, to declare the appellant elected and to fix his salary at $150 a month, and his bond at $1,000, under the provisions of section 3927, Ky. Statutes. A vote was taken on this motion, Bruner and Humbert voting "Yes," Fox and Voght voting "No." Bruner and Humbert insisting that Judge Fox had no right to vote on the motion.

Subsequently, the appellant appeared in court and offered to qualify as commissioner of the poorhouse and premises and receiver and asked to be permitted to take the oath of office and execute bond in the sum of $1,000 as such commissioner and receiver. He tendered a bond conditoned as required by law, signed by himself and National Surety Company as his surety. Judge Fox refused to permit him to qualify and to accept and approve his bond. Thereupon, on the 30th day of September, 1930, the appellant filed this action against the appellees Marr and County Judge J. I. Fox, in which he sets out the orders of the fiscal court alluded to above, and the procedure of the fiscal court and its action relative thereto, together with the action of the appellee Henry I. Fox, as county judge of Jefferson county. He averred that, by virtue of the above described procedure of the two commissioners, he was elected and entitled to qualify as such official or appointee of the fiscal court. He sought therein a mandamus against Judge Fox "commanding him to permit the fiscal court to approve his bond and to permit him to qualify by taking the oath and executing bond for the faithful performance of his duties as such commissioner and receiver, and that he be declared the duly elected commissioner of the poorhouse and premises and receiver of all monies for said institution."

Marr and Fox filed separate answers, each containing two paragraphs. The first in each of them is a traverse. The second is in the nature of an estoppel. For estoppel, it is in substance alleged that Marr had been acting as commissioner, and that the fiscal court had treated him as the duly elected officer, allowing and paying his salary out of the funds of the county and approving and allowing the claims presented for moneys expended by him as such commissioner in the superintendence and maintenance of the poorhouse and its inmates.

The appellee Fox, in the second paragraph of his answer, further alleged that the power of appointment to fill the position in controversy is conferred by the statutes on the fiscal court; that the fiscal court at no time had exercised the power so conferred on it, nor determined whether there should be one or more commissioners and receivers of the poorhouse and premises; that "it is necesary for the court to determine what money, if any, be paid to each commissioner, and to fix the salary to be paid."

The appellant filed demurrers to the second paragraphs of the answers of both Marr and Fox. The court overruled them. The appellant objected and excepted and declined to plead further. Judgment was entered dismissing his petition, to which he saved an exception and prayed an appeal. This appeal was taken from that judgment.

The appellant contends that, by virtue of section 1850, Ky. Statutes, as construed by this court in Kirchdorfer v. Tincher et al., 204 Ky. 366, 264 S. W. 766, 40 A. L. R. 801, the motion to declare the office or position of appellee Marr vacant, having been voted on as we have indicated, created a deadlock or tie vote, which was continued for a period of not less than fifteen days thereafter, and that then a majority of the commissioners had the power to break the deadlock or tie vote and to cause to be entered on the "minutes of the board of commissioners an order recitng the facts as to such deadlock or tie vote and the question" on which the same had occurred and existed, and that a majority of the commissioners was vested with the power to declare the vacancy. It is urged that the two commissioners constituted a majority of the fiscal court within the purview of the statute supra and had the right to break the deadlock or tie vote, and that the judge of the county court was without legal right to vote on such motion. It is insisted that the proceedings of the two commissioners relating to the declaring vacant of the office or position of the appellee Marr thereby created a vacancy, and that the proceedings to fill that vacancy, as we have herein set out constituted the appointment or election of appellant to fill it and fixed his salary.

The contention that the county court was without jurisdiction to appoint or to elect the appellee or any other person or persons to the position involved is cor-

rect. The authority to make the appointment or election is, by statute, vested in the fiscal court. It was so determined and held by this court in Silbersack v. Kraft, 194 Ky. 591, 240 S. W. 392, 393. We there pointed out that so much of section 3925, Ky. Statutes, as empowered the county court to appoint a commissioner for the poorhouse and receiver was repealed by section 1840, Ky. Statutes. A history of the two sections was recited in that case, and it is unnecessary to repeat it in the present one.

The fiscal court is a creature of the Constitution. Section 144 of the Kentucky Constitution creates it, and provides that it may consist of the county judge and the justices of the peace, or the county may have three commissioners to be elected from the county at large, who, together with the judge of the county court, shall constitute the fiscal court. A majority of the members of this court constitutes the court for the transaction of business. If a city for county governmental purposes is separate from the remainder of the county, such commissioners may be elected from the part of the county outside of the city. While this section of the Constitution creates the fiscal court and provides who shall constitute it, it leaves to the General Assembly the authority to define its powers. Gross v. Fiscal Court of Jefferson County, 225 Ky. 641, 9 S. W. (2d) 1006. The county judge is a member of the court and has the same powers as other members, whether the court be composed of the justices of the peace and the county judge or of commissioners and the county judge. Bath County v. Daugherty, 113 Ky. 518, 68 S. W. 436, 24 Ky. Law Rep. 350; Breathitt County v. Hagins, 211 Ky. 391, 277 S. W. 469. He may participate in its proceedings the same as any other member. Walker v. Fox, 216 Ky. 33, 287 S. W. 228. Anticipating that, when exercising its authority, whether it be legislative, ministerial, or judicial, where the fiscal court may be composed of the county judge and three commissioners as in the present case, a deadlock or tie vote might often result, the General Assembly, by section 1850, Ky. Statutes, provided a method by which a deadlock or tie vote may be avoided. In part this section is in this language:

"And whenever there shall be a tie vote in said board of commissioners upon the question of the election of any officer or employee to be elected, or

employed by said commissioners, or upon the approval or rejection of any contract or on the determination of any question to be decided by said commissioners and a deadlock shall result and said deadlock or tie vote shall continue for a period of not less than fifteen days a majority of said commissioners shall have the power to break said deadlock or tie vote and cause to be entered upon the minutes of the board of commissioners, an order recitng the facts as to said deadlock or tie vote and the question upon which the same has occurred and exists and thereupon it shall be and become the duty of a majority of said commissioners to appoint any officer or employee, concerning whose election or employment any *deadlock or tie* vote existed, and any officer or employee, so elected or appointed, shall have all the qualifications required by law of such officer or employee and shall hold his or her office at the pleasure of the fiscal court, and until his or her successor is elected and qualified. Any question or matter, concerning which a deadlock of the vote existed, and which is decided by a majority of such commissioners, as herein provided shall be treated and considered and have the same force and effect of an action of the fiscal court the same as if the deadlock or the tie vote had not existed.''

In Kirchdorfer et al, v. Tincher, supra, the constitutionality of the section supra and its construction were before us for determination. We there held that, in so far as it authorized two commissioners when a deadlock or tie vote therein described existed in the making of an appointment or in the election of a statutory officer, it was constitutional and valid. The election or appointment of such officer was not necessarily a part of the functions of the fiscal court. But in the transaction of the general business concerning the affairs of the county, in deciding questions in respect to matters involving county governmental subjects over which it is given jurisdiction by Section 1840, Ky. Statutes, in so far as it undertakes to authorize or permit less than a majority of the fiscal court to decide and to determine such matters, it violated section 144 of the Constitution and was invalid. The corporate powers of a county are to be exercised by its fiscal court. Section 1834, Ky. Statutes. The fiscal court, in a sense, is an executive board

with both legislative and ministerial powers. Highbaugh v. Hardin County, 99 Ky. 16, 34 S. W. 706, 17 Ky. Law Rep. 1313; Com. v. McCrone, 153 Ky. 296, 155 S. W. 369. At the same time it is invested with powers in their nature quasi judicial. In the transaction of its general business, such as deciding whether the poor, sick, and needy shall be committed to a poorhouse at the expense of the county, under the supervision of one or more commissioners of the poorhouse and premises, or whether the funds appropriated for that purpose shall or shall not be administered by a reciver or a commissioner, or whether there shall be one or more commissioners of the poorhouse and premises, in the fixing of a salary or salaries thereof and in respect to the governmental control and management of the poor, the poorhouse, and premises, and the levying, collecting, and expending county funds therefor, and in deciding and determining the public policy in respect to all such topics, the fiscal court is vested with a discretion, judicial in character, and, in case of a deadlock or tie vote on such matters, a majority of the commissioners is without power to determine such questions for the fiscal court. A majority vote of members of the court is required by section 144 of the Constitution on all such subjects. Robinson v. Mercer County Fiscal Court, 218 Ky. 452, 291 S. W. 721.

In Silbersack v. Kraft, supra, we said:

"A commissioner or superintendent of the poor, such as exists under the systems for the care of the poor adopted in a certain counties, or keeper of the poorhouse, as he is denominated in the systems practiced in others, is only a quasi officer, performing such duties as are required of him by the appointing or employing authority, and vested with such powers as are bestowed upon him, as the agent of such authority, and usually his tenure of office, duties and emoluments are controlled by contact.

"The position or employment is unknown to the Constitution as an officer or otherwise, and the term by which the position is called is not found in any statute now included in the adopted compilation of the statute laws, except in section 3925, Ky. Stats., and the creation of such a place is there left a matter of discretion with the court, as well as his authorities and duties. Its duties are not defined by any statute or law. The services of such agent or employee are dispensed with in many counties,

and in others there is one or more, as, in the discretion of the county government, there may be need of, or as the system for the care, sustenance, and maintenance of the poor demands."

Section 1840, Ky. Statutes, confers jurisdiction upon the fiscal court to deal with the subject-matter in this language:

". . . To make provisions for the maintenance of the poor and provide a poor house and farm and provide for the care, treatment and maintenance of the sick and poor, and provide a hospital for said purpose, or contract with any hospital in the county to do so, . . . and to appropriate county funds . . . for infirmaries for the sick located in the county, and to execute all of its orders consistent with the law and within its jurisdiction."

Considering this section in the Silbersack v. Kraft case, supra, we further said:

"This language, it seems, gives to the fiscal court jurisdiction to do any and all things necessary, not only for the maintenance of the poor, but for their care and treatment, which would include the employment of persons to care for, supervise, and minister to their wants, as well as to provide funds to secure maintenance, care, and treatment. The fiscal court alone, has jurisdiction to provide a poorhouse or farm, and to provide a hospital in the county for the maintenance, care, and treatment of the sick and poor, or it may contract with any other hospital in the county to do so. It will thus be observed, that the system to be adopted for the maintenance, care, and treatment of the poor is a matter within the sound discretion of the fiscal court, and the engagement of a superintendent of the poorhouse, or keeper of such house, or commissioner of the poor, so called, it may or may not do, as the necessities of the system adopted may demand."

It is admitted that the county court has assumed and exercised authority to select and appoint the commissioners and other employees and agents who have superintended, controlled, and managed the poorhouse and premises, and the inmates of the poorhouse, and who have received and paid out the county funds levied and collected for that purpose, and that the extent of the author-

ity that has been exercised by the fiscal court was the approving, allowing, and paying out of the county funds the claims presented by such employees, and the salaries of, and to, those acting under the appointment of the county court.

The custom of the fiscal court of allowing and paying expenses incurred, and salaries earned by such appointees of the county court, does not bind it or the county to continue to do so. Every person who deals with the county or its fiscal court must take notice of the law and must know the extent of authority of the fiscal court in contracting with it. A person dealing with the fiscal court must know that it can only act as a body when it is in session for the purpose of taking action, and can speak only through its orders (section 1843 Ky. Statutes; Grayson County v. Rogers (Ky.) 122 S. W. 866; Kozee v. Commonwealth, 139 Ky. 66, 129 S. W. 327; Conrad et al. v. Pendleton County, 209 Ky. 526, 273 S. W. 57); and when dealing with the county or the fiscal court such person must look to its orders, as the source of his authority or right. Such person must know that a county government never becomes indebted by implication, and that a county is not liable for expenses incurred or salaries earned in the absence of a showing that there is a statutory authority to incur, or a legal obligation to pay, same. Leslie County v. Keith, 227 Ky. 663, 13 S. W. (2d) 1012; Holbrook v. Letcher County, 223 Ky. 597, 4 S. W. (2d) 382. Pulaski County v. Farmers' National Bank of Somerset, 225 Ky. 437, 9 S. W. (2d) 48. The fiscal court had the power to employ appellee Marr to perform the duties of a commissioner of the poorhouse and premises and a receiver. Therefore, it had the power even though his employment by the county court was void, to ratify the contract for services performed. This it did by availing itself of his services and paying therefor (Estill County v. Wallace, 219 Ky. 174, 292 S. W. 816; but its so availing itself of his services and paying therefor does not estop it from declining to pay for future services, or from exercising its authority as given to it by section 1840, Ky. Statutes, "to make provisions for the maintenance of the poor and provide a poorhouse and farm and provide for the care, treatment and maintenance of the sick and poor, and provide a hospital for said purpose, or contract with any hospital in the county to do so, . . . and to execute all

of its orders consistent with the law and within its jurisdiction of all such other matters relating" thereto.

Even if he were regularly appointed by an order of the fiscal court, duly entered of record by it, the appellee Marr would hold the office or appointment during the pleasure of the court. Ky. Stats., sec. 3925.

It therefore needs no argument to show that, having been appointed by the county court, he discharges the duties of the position, subject to the pleasure of the fiscal court, and, with or without reason, it may dispense with his services at any time.

The fiscal court of Jefferson county has not assumed and exercised its jurisdiction of the subject-matter involved, and, until it does so, the position, or office or employment which appellant seeks to have himself declared entitled to, is, legally, not only vacant, but not in existence. The two commissioners, Bruner and Humbert, by the methods which they adopted, were therefore, without legal right to elect the appellant, and he is without right to have the court declare his election.

Wherefore the judgment is affirmed.

Whole court sitting.