## Bath County et al. v. United Disinfectant Co.

(Decided March 10, 1933.)

W. B. WHITE and D. W. DOGGETT for appellants.

G. C. EWING for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

At the regular November election in 1925 Dell Downs was elected jailer of Bath county, taking office the first of the year, 1926, for a full term of four years. After his induction in office the fiscal court of the county made no budget appropriation by which he could defray the expenses incurred in carrying out his duties as prescribed in sections 3948 and 3949 of our present Kentucky Statutes. When he would present bills to the fiscal court, incurred by him to meet such expenses they would be scrutinized, and, if found to be correct from the standpoint of necessity and amount, they would be ordered paid. However, it soon developed that the jailer was more or less reckless and unrestrained in the performance of such duties, even to the point of extravagance, and he was lectured by the fiscal court concerning it, as well as warned to desist from his past course. Likewise, there was an agreement, but not entered of record, that the jailer should consult with the county judge and create no bills that were not approved by the latter officer. Such action on the part of the fiscal court should, perhaps, be regarded as not legally material, because not made a matter of record and we mention it only for the purpose of pointing out that the members of the court were not participants in the actions of the jailer alluded to.

Matters ran along without the jailer complying with the unrecorded directions of the court, until finally in August, 1928, he purchased from the appellee and plaintiff below, United Disinfectant Company of Memphis, Tenn., a quantity of disinfectant, with apparatus for using it, amounting in all to the sum of $228.13, which was only about one-third of similar products that he had contracted for during the year, but which fact is, perhaps, not greatly material to the legal question involved. When the jailer presented plaintiff's account to the fiscal court for payment (which was the first time any of its members had heard of it), it declined to do so and directed him to return to plaintiff all unused parts of the articles purchased, but which he did not do. Later plaintiff filed this action against the county and the members of its fiscal court to re-

cover judgment for the amount of its account, and for a mandatory order requiring the members of the court to assemble and take the proper steps to pay it. The petition set out facts which showed that the jailer had acted on his own initiative in creating the account, and for which reason defendants demurred thereto, but which the court overruled. Defendants then answered, followed by a reply which was controverted of record, and upon proof heard the court sustained the prayer of the petition and granted the relief sought therein, to reverse which defendants filed the record in this court with a motion for an appeal.

Section 1840 of our statutes, supra, outlines in general terms the duties and authority of fiscal courts, among which are: "To appropriate county funds authorized by law to be appropriated; to erect and keep in repair necessary public buildings, secure a sufficient jail and a comfortable and convenient place for holding court at the county seat. * * *. To cause correct accounts and records to be kept of all receipts and disbursements of the public funds of the county," etc. Section 3948, supra, makes the jailer of all counties with a population of less than 75,000 "superintendent of public square, court house, clerk's offices, jail, stray pen and other public buildings at the seat of justice, and the fiscal court of each of said counties shall annually appropriate, of the county funds, a sum sufficient to purchase the labor and materials necessary to keep the public property aforesaid, including the jailer's residence, if owned by the county, in repair and in clean, comfortable and presentable condition, and heat and light the same; said sum so appropriated to be expended by the jailer for the purposes aforesaid," etc.

Numerous are the cases from this court to the effect that fiscal courts possess limited powers and can expend public funds only for purposes expressly authorized, or necessarily implied by imperative language. The same is true with reference to the particular agency possessing the authority to expend the public funds of a county, it being exclusively vested in and lodged with the fiscal court, and which may be done directly by its orders of record, or by the delegation of prescribed authority for the purpose and its execution in strict conformity therewith. Such declarations

of our former opinions were, of course, made in construing the applicable statute in existence at the time the opinion was rendered, and which for a considerable period is and has been section 1840, supra.

In the case of Adair Fiscal Court v. Conover, 141 Ky. 743, 133 S. W. 761, we held that section 3948, supra, was a mandatory direction to the fiscal court to make the necessary appropriations for defraying the expenses in carrying out the directions therein imposed, and that the jailer, whose duty it was to execute the provisions of that section, could force the fiscal court to make the necessary appropriations to enable him to do so; but neither that case, nor any other that we have been able to find or that counsel has cited to us, authorizes or directs the jailer on his own initiative to incur the expense without first obtaining the voluntary or enforced direction of the fiscal court to do so. Such a course would substitute the judgment and discretion of the jailer of the county for that of its fiscal court in the incurring of obligations imposed by the statute, and which all of our opinions, without dissent, hold may not be done. There are at least two remedies by which the jailer may force the fiscal court to supply the necessary funds to carry out the provisions of, and by which he may perform the duties imposed on him by, the statute, and which are: A request made by him to the fiscal court for the appropriate order, and if denied, to appeal therefrom, and which was the course pursued in the Conover Case, supra. He may also apply to the circuit court of his county for the necessary mandatory orders requiring the fiscal court to discharge its duties in the respects mentioned. But to hold that, if he pursues neither of those remedies, he may on his own volition incur the expenses and bind the county therefor is quite a different proposition.

We had that question before us for determination in the case of Knott County Fiscal Court v. Duke, 157 Ky. 499, 163 S. W. 459, 460, and in which we sustained the fiscal court of Knott county in disallowing certain claims that the jailer had incurred in his own initiative, and thereafter sought recompense from the fiscal court. The question for determination in that case, as formulated in the opinion, was: "Can a jailer, without first being authorized by the fiscal court so to do, expend money for any purpose, however necessary it may be,

and charge the county therewith, unless he has been authorized by the fiscal court of the county to make the expenditure before making it?" The opinion then quotes section 3948, supra, of our statutes, and later states the conclusion of the court in this language: "This statute contemplates that the jailer shall only expend for the purposes mentioned in the statute such a sum of money as the fiscal court has appropriated for that purpose. The fiscal court of the county is charged by section 1840 with the duty of erecting and keeping in repair necessary public buildings, a sufficient jail, and a comfortable and convenient place for holding court, and generally with the control and disposition of the public funds of the county, and it is the duty of the fiscal court to appropriate such funds as may be needed under section 1840, as well as under section 3948. But, if the fiscal court fails or refuses to make the appropriations contemplated by these sections, it is no concern of the jailer's, and he has no authority whatever to expend any money for any purpose, intending to make it a charge against the county, without first obtaining the consent and direction of the fiscal court." Other pertinent cases are Brummal v. Jackson, 145 Ky. 630, 140 S. W. 1016; Silbersack v. Kraft, 194 Ky. 587, 240 S. W. 392, and Delph v. Clay County, 231 Ky. 589, 21 S. W. (2d) 980. It is, therefore, clear that Bath county incurred no express contractual obligation to pay the account sued on by virtue of any transactions between plaintiff and the jailer of the county.

But it is strenuously insisted that, inasmuch as the county (mostly if not entirely without the knowledge of the members of the fiscal court) appropriated the articles purchased from plaintiff by the jailer, it should be made liable on an implied contract for the total amount of the purchase, under a familiar principle of the law applicable to individual transactions in ordinary commercial enterprises. However, if that principle should be applicable to a county, or other governmental agency, the liability would not be measured by the contract price, but only by the value of the articles appropriated. But, it is a universal doctrine applied by this and all other courts so far as we are aware, that such governmental agencies, with prescribed and specific authority, may not (except perhaps in exceptional cases, to none of wihch does this case belong)

become liable under an implied contract. In other words, that the implied contract doctrine is not applicable to such agencies so as to obligate them thereunder, and they may not be brought within that doctrine by any custom or course of action that might have been followed in the past. Two of the latest cases to that effect are Leslie County v. Keith, 227 Ky. 663, 13 S. W. (2d) 1012, and Farmer v. Marr, 238 Ky. 417, 38 S. W. (2d) 209. A long list of others from this court are cited in those opinions.

We deem further elaboration unnecessary, since the principles we have discussed, as applicable to the facts in hand, are thoroughly rooted and grounded in the jurisprudence of this commonwealth. The conclusion reached is not subject to the criticism of being harsh or inequitable, since it is the duty of parties dealing with public officials to take notice of the limitations of their authority.

Wherefore, for the reasons stated the motion for the appeal is sustained, and the judgment is reversed, with directions to set it aside and to dismiss the petition, and for other proceedings not inconsistent with this opinion.