TODD COUNTY FISCAL COURT,
Appellant,

v.

Ruth L. FREY, Appellee.

Court of Appeals of Kentucky.

Oct. 21, 1955.

Rehearing Denied Jan. 27, 1956.

George S. Weathers, Elkton, for appellant.

N. E. Frey, Elkton, for appellee.

STEWART, Chief Justice.

This is a motion for an appeal from a judgment awarding appellee, Ruth L. Frey, the sum of $900 with interest from May 5, 1953, against appellant, Todd County Fiscal Court.

Appellee was appointed and duly qualified as county treasurer of Todd County on July 1, 1943, and served in this capacity until May 5, 1953. Her term was not renewed in April of 1953 when it became necessary to reappoint the county treasurer and, upon the naming of her successor, appellee's resignation was submitted and accepted. On May 5, 1953, she filed a claim against appellant for office rent

of $13 per month and for expense incurred in the purchase of office supplies and equipment of $7 per month. She sought to recover the aggregate of these monthly sums for a period covering five years, or an amount totaling $1,200. Appellant refused to pay her claim, and she appealed to the circuit court, with the result that judgment was rendered in her favor in the amount previously mentioned.

The sole issue raised in this appeal is the construction of KRS 68.020(4) and its application to the facts of this case. The statute sets forth, in part, that the county treasurer "shall keep his office at the county seat, in a room or rooms provided by the fiscal court."

It is undisputed that appellant did not provide appellee with a room or rooms, nor did it furnish her office supplies and equipment during any part of her tenure; that appellee did not request and obtain a court order authorizing her to rent an office or to purchase office supplies and equipment; that appellee informally approached members of the fiscal court about the subject in controversy, on numerous occasions and received from them evasive answers; that the county attorney admitted the county's obligation to furnish her an office; and that she did present proof to substantiate her claim.

It was further shown that appellee's predecessors, as well as her immediate successor, had maintained an office in connection with and in the furtherance of their own business, so that Todd County had been relieved of this expense. As a result of this long-continued practice, appellant contends it is an established custom for the county treasurer to furnish his own office.

We believe the above statute clearly placed a duty upon appellant to furnish appellee with a suitable office, whether it be in the courthouse or at some other location at the county seat. It was also incumbent upon appellant to do more than make available mere office space for the county treasurer. In Jefferson County

Fiscal Court v. Gregg, 265 Ky. 61, 95 S.W.2d 1130, there was involved the construction of KRS 73.110, which is to the effect that the county shall furnish a county surveyor with an office at the county seat. In that case it was contended this requirement was fulfilled when the county provided mere office space for the surveyor, but it was held that by necessary implication the fiscal court was obliged to provide a furnished office, embracing the necessary equipment for the proper discharge of the surveyor's duties, including desks, tables, chairs "and other articles commonly used and profitably employed in such an office." We conclude the Gregg case is conclusive on the question of the county's duty to make available to the county treasurer a properly equipped office.

Certainly the statute under consideration did not intend to confer upon any county treasurer the right to enter into a contract and thereby incur indebtedness on behalf of the county unless clothed with express authority by the fiscal court so to do. Nothing is more clearly settled by this Court than that no officer of the county, nor any other person, may consider himself empowered to spend money or enter into any contract binding upon the county, unless duly authorized by an appropriate order.

In Bath County v. United Disinfectant Co., 248 Ky. 111, 58 S.W.2d 239, a jailer purchased on his own initiative a quantity of disinfectants for use at the jail and when the county refused to pay therefor, suit was instituted against the county and the members of its fiscal court for the amount of the shipment. The lower court allowed recovery of the account but this Court reversed. After first pointing out that the authority to expend the public funds of a county is exclusively vested in the fiscal court, that case then went on to hold that the jailer had "no authority whatever to spend any money for any purpose, intending to make it any charge against the county, without first obtaining the consent and direction of the fiscal court." The Bath County case makes it

perfectly clear that no county official may bind the fiscal court to pay any indebtedness without its knowledge or its authorization, and that case is determinative of the issue posed here.

 Had appellee, upon first assuming the duties of her office or at any time thereafter, in fact, gone before the fiscal court and shown that body she needed office space, it would unquestionably have been that court's duty to provide it. Had she requisitioned office supplies and equipment and that court found them just and reasonable it would undoubtedly have been compelled to allow them. This she did not do, and she cannot now make the county a debtor retroactively by her own action. We repeat that authority is vested in the fiscal court alone to make contracts on behalf of the county.

Wherefore, for the reasons stated, the motion for an appeal is sustained and the judgment is reversed with directions to set it aside and to dismiss the complaint.