FULTON COUNTY and Members of the
Fiscal Court et al., Appellants,

v.

SPARTAN CHEMICALS, INC., Appellee.

Court of Appeals of Kentucky.

Sept. 30, 1960.

Rehearing Denied March 10, 1961.

James H. Amberg, Hickman, for appellants.

D. L. McNeill, Hickman, for appellee.

WILLIAMS, Judge.

The Fulton County Fiscal Court adopted a county budget for the year 1958, and included therein an appropriation for the purpose of enabling the jailer to perform his statutory duties. One of the duties of a county jailer is to keep the jail and other county buildings at the county seat in clean, comfortable and presentable condition. KRS 67.130. During January of 1958 the Fulton County Fiscal Court entered an order which provided that no bills for goods purchased would be paid by the fiscal court until the purchase order had been approved by the court. In September 1958, the jailer of Fulton County purchased certain disinfectants, cleaning solvents, et cetera, from the appellee, Spartan Chemicals, Inc., the total amount of such purchases being $538.72. Upon receipt of the materials ordered the jailer used them in performing his duties. However, upon receipt of the invoices, the fiscal court declined to make payment thereon. Suit was filed by the appellee in the Fulton Circuit Court against Fulton County and the Fulton County Fiscal Court and the Circuit Court awarded judgment against the appellants in the sum of $538.72. Appellants have now moved for an appeal.

In 1933, this Court had before it a case wherein a jailer had purchased a quantity

of disinfectant without first receiving authority from the fiscal court so to do, and the fiscal court subsequently declined to pay for it. Judge Thomas, speaking for the Court, determined that the authority to expend public funds of a county is exclusively vested in the fiscal court, and may be exercised directly by its orders of record or by the delegation of prescribed authority for the purpose; that the jailer has no authority on his own initiative to incur expense without first obtaining the voluntary or enforced direction of the fiscal court to do so. Further, it is pointed out that the fiscal court is required to make the necessary appropriations for defraying the jailer's expenses, but the jailer has no authority to expend any money without the consent and direction of the fiscal court. Should he attempt to do so the county cannot be made liable under an implied contract doctrine, and it is also noted that it is the duty of parties dealing with public officials to take notice of the limitations of their authority. Bath County v. United Disinfectant Co., 248 Ky. 111, 58 S.W.2d 239. That case has been referred to and followed in many cases since that time, one of the latest being Todd County Fiscal Court **v.** Frey, Ky., 285 S.W.2d 499.

Appellees insist that the fiscal court had knowledge of the purchases made by the jailer and sat idly by while the jailer used the materials purchased for an admittedly necessary and compulsory purpose. The lower court was of the opinion that the jailer was within his legal rights to purchase the materials and that the fiscal court is obligated to pay for them since it made no defense as to the reasonableness of the cost or the necessity of the purchase of such materials. It is true the jailer has the duty of maintaining and keeping the county buildings clean, and the fiscal court made an appropriation for this very purpose. That such appropriation was made, and that the jailer was properly performing his duty in keeping the buildings clean, is not denied. However, we cannot escape the basic premise so clearly set out in the Bath County case heretofore cited. Even though the jailer's duties and responsibilities are set out by statute, nevertheless, the fiscal court possesses the sole power to authorize expenditure of public funds. Without such authority having been exercised, no county officer may bind the fiscal court by contract made without the court's specific direction so to do. Here, although the jailer needed the materials purchased, he could not validly contract for them until the fiscal court approved. Similarly, the appellee, although he may have been accustomed to accepting orders from this and other jailers, is charged with the duty of knowing whether the public official with whom he deals has the authority to make a binding contract.

For the reasons stated, the motion for an appeal is sustained, the appeal is granted and the judgment is reversed.