## Fulton County Fiscal Court v. Southern Bell Telephone & Telegraph Co. et al.

Jan. 20, 1942.

160

H. H. Lovett, W. B. Amberg and W. C. Tipton, Jr., for appellant.

W. J. Webb, E. R. Morton and W. B. Harris for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

In Fulton County Fiscal Court v. Southern Bell Telephone & Telegraph Company, 285 Ky. 17, 146 S. W. (2d) 15, we considered the validity of proposed bonds to refund the indebtedness of Fulton County and disposed of many questions. The case was remanded to the circuit court for the application of the law as therein de-

clared. In the further proceedings careful consideration was given the entire complicated conditions, particularly with reference to those which were changed by reason of the ruling in respect to the sums received by the county from the state as its proportion of fees for the registration of motor trucks. Judgment was rendered establishing the validity of the floating debt as of December 31, 1933, and that for which bonds could be issued, to be $45,871.89, on which interest had accrued to the amount of $26,278.48, a total of $72,150.37.

The appellants, being the county and the fiscal court, are substantially satisfied with the judgment and apparently only desire to have this court affirm it. However, they suggest that so much of the judgment as allowed the claim of Mrs. H. Burns ought to be reversed notwithstanding it is identical in character with the claim of Mrs. W. H. Brown, held in the former opinion to be a valid obligation. We are not convinced that our ruling on that item is incorrect and it obviously determines that the judgment in favor of Mrs. Burns is proper.

J. D. Adams Company, of Indianapolis, held a number of warrants issued to cover invoices for road machinery and parts delivered to the county. Its original pleading sought recovery on the warrants. After the case was remanded the company amended its pleading and sought to recover on the original invoices. It was proved that the warrants had been issued for the face of the invoices with accrued interest. It is shown on the face of the invoices that the road machinery and parts had been ordered by different individuals and shipped to them. The undenied pleading is that they were purporting to act as agents of the county and that the machinery and parts had been delivered to the county. There was no order of the fiscal court authorizing any of those individuals to act for the county or directing anybody to order the machinery and parts. It was adjudged that $5,734.85 of those warrants were issued at a time when the revenue for the respective years had been exhausted and the constitutional debt limitations exceeded; hence, that they are void and of no effect; likewise that the alleged debt as represented by the invoices could not be included in the funding bonds, apparently for the reason the transactions had not been authorized by orders of the fiscal court. The company has prosecuted a cross-appeal disallowing its claim to that extent.

It is conceded that the action of the individuals in ordering the equipment, even though the county accepted and used the same, did not bind the county to pay for them, for it could not be bound by implication since a fiscal court can speak only by its records and commit the county thereby. Bath County v. United Disinfectant Company, 248 Ky. 111, 58 S. W. (2d) 239. But the cross-appellant contends that the issuance of warrants constituted a legal ratification of the purchases and bound the county retroactively to the dates of the invoices. On those dates the debt limitations had not been exceeded. On the other side, it is conceded that the county could by proper action of the fiscal court have ratified any act which it could have authorized in the first instance (Pulaski County v. Farmers' Nat. Bank of Somerset, 225 Ky. 437, 9 S. W. (2d) 48), but it is denied that the county could do so when such action itself created the obligation, which at that time could not be legally done. It is the general rule that the ratification of an unauthorized act of an agent relates back and is deemed the equivalent to an antecedent authority and has the same effect for many purposes as though it had been originally authorized. Mechem on Agency, Section 344; Citizens' National Bank's Trustee v. Town of Loyall, 262 Ky. 39, 88 S. W. (2d) 952; J. J. Newberry Company v. Faulconer, 248 Ky. 59, 58 S. W. (2d) 217.

The doctrine of ratification, though an old idea, is something of an anomaly, for a contract is the result of mutual consent, and if one was not a party when it was made the question arises how can any act on his part alone later make him a party. Therefore, ratification is, accurately speaking, only the adoption and affirmance by one person of a previous act of another which did not bind him but which was done or professed to be done on his account, whereby the act is given effect as if originally authorized. 2 Am. Jur., Agency, Section 208; Restatement of Law of Agency, Section 82; Short v. Metz Co., 165 Ky. 319, 176 S. W. 1144. It is the substitution for authorization and has the effect of curing its absence. Mechem on Agency, Sections 348, 504. Of course, the act of ratifying may be of the character and the extent to create a specific or express contract between the parties and to constitute a definite assumption of liability which would be retroactive as of the date of its inception and continue so to the legitimate end. Ratification is not to

be presumed. It must be proven and the burden rests upon him who alleges it. Mechem on Agency, Section 479. Ratification is generally the creature of intent; but we are dealing here with a principal which cannot be charged with ratification by implication as an individual or a private corporation may be. Since ratification is equivalent to prior authority, when a particular form or mode is necessary to confer authority in the first instance, there can be no valid ratification except in the same manner. 2 Am. Jur., Agency, Section 215; Am. Law Inst. Restatement, Agency, Section 93.

> "A county can contract only in the manner and by the persons and for the purposes expressly provided by statute." Leslie County v. Keith, 227 Ky. 663, 13 S. W. (2d) 1012, 1013.

In Duff v. Knott County, 238 Ky. 71, 36 S. W. (2d) 870, 872, following the statement that a fiscal court may ratify and confirm any contract it might have made originally, we held:

> "But a ratification, to be effective, as will be seen from the cases cited, must be made in the same manner and with the same formality that is required to bind the county in entering into a contract within its authority. The ratification must be by an order unequivocal in character and duly entered and signed in the manner directed by the statutes governing the action of fiscal courts. No such record is pleaded."

In that case Duff had made a proposal to purchase an issue of county bonds accompanied by a paper containing a condition that he should be paid $7,700 for certain expenses and fees. The fiscal court had regularly accepted his bid for the bonds but had made no record of any action on the annexed proposition. But it had been endorsed as accepted and approved by the court and signed by the county judge and clerk. Thereafter, the fiscal court had appropriated $7,700 for the purpose of paying Duff although it was to a fictitious person. Duff received the money. In the action by the county to recover the sum, his defense of ratification of the act by the appropriation and payment was disallowed for the reasons above quoted.

The record pertaining to the claims of the Adams Company against Fulton County shows only that war-

rants were issued to it for the specified amounts, which instruments on their face are only attested copies of orders of the fiscal court that the J. D. Adams Company be allowed the stated sums payable out of the Road and Bridge Fund. There is nothing more.

By far the greater part of the claim covered road machinery. A relatively small amount was for parts for repairs. The statute is specific as to the manner in which road machinery shall be purchased by a county. Section 4335 requires that the county road engineer shall advertise for bids in a manner provided in another section for "stone crushers, road rollers, traction engines, road machines for grinding and scraping tools and other instruments." It also provides that:

"No contract for the purchase of stone crushers, road rollers or traction engines shall be valid unless the fiscal court shall have approved the same and endorsed its approval on such contracts by the signature of the county judge and the clerk thereof."

In J. I. Case Threshing Machine Company v. Commonwealth, 177 Ky. 454, 197 S. W. 940, 942, a fiscal court, by a meager order, recorded the vote to purchase a road engine and roller and named three of its members to buy them. They bought them and some additional machinery without further order of the fiscal court. When the machinery was delivered to the county a warrant was issued for the price and it was paid. We held that since the court could have contracted to buy the machinery only in the manner specified by the statute, it could not delegate the performance of its duty to individuals and that the purchase of all the machinery was voidable. Further, that since the court had not legally ratified the purchase by appropriate orders the money could be recovered by the county.

In the case at bar there was not even an order authorizing the purchase of the machinery or attempting to delegate anyone to buy it. We have only orders allowing claims therefor. Those orders cannot be expanded by construction to meet the requirements of the statute in respect to the purchase of the machinery or to constitute a legal authority to buy the repairs originally. Repeating the rule, using the language of the American Law Institute in its Restatement of the law of Agency, Section 93:

> "Where formalities are requisite for the authorization of an act, its affirmance must be by the same formalities in order to constitute a ratification."

Obviously the necessary formalities were not observed in the present case. We are of opinion, therefore, that the trial court correctly held the claim of the J. D. Adams Company could not be regarded as a valid indebtedness of the county and could not be included in the funding of its legitimate obligations.

Judgment affirmed on both original and cross-appeals.