Carrigan v. Fiscal Court of Fulton County et al.

Feb. 17, 1942.

Webb & Webb for appellant.
W. C. Tipton, Jr., for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The principal question involved in this case is whether or not Chapter 183 of the Acts of 1940, Sections 4302a-2 to 4302a-12, inclusive, of the Statutes Supplement 1941, should be construed as giving to fiscal courts the power to open and establish public roads and to institute condemnation proceedings to acquire land for such purposes, or only to give them the power to institute condemnation proceedings once a road has been opened and established by the county court.

Prior to the adoption of the 1940 Act, the Statutes provided the methods for opening and establishing public roads, and also for the condemnation of land for such purposes. Section 4298, which is part of Chapter 80 of the Acts of 1914, provides that no public road shall be established or discontinued, or the location thereof changed without the giving of due notice. Section 4301, which is also a part of Chapter 80 of the Acts of 1914, sets forth the manner in which county roads are to be established or altered by the county court. Other sections of the 1914 Act set forth the manner in which condemnation proceedings shall be instituted. It is apparent, therefore, that prior to the adoption of the 1940 Act, there existed complete, though probably cumbersome, machinery for the opening and establishing of county roads and for the condemnation of property for such purposes.

We turn now to the Act under consideration. Its title reads:

"An Act authorizing the fiscal court of any county to institute condemnation proceedings to acquire lands for public roads, streets, alleys, ditches, and bridges; providing for the duties of the county attorney and the appointment of commissioners to assess damages; providing for the land owner to file exceptions and have a jury trial; providing for appeals to the Circuit Court and to the Court of Appeals; and providing for a transfer of the action to the Circuit Court where there are conflicting claimants to the land condemned."

Section 1 authorizes fiscal courts to open, establish, construct, alter or repair any public road, street, alley, ditch or bridge. Other provisions of the Act provide for the

condemnation of property for such purposes. Section 11 of the Act reads as follows:

"This Act shall create an additional and alternate method for the institution and prosecution of condemnation proceedings to acquire rights of way for county roads, streets, alleys, ditches and bridges, and shall not repeal any act providing another method for acquiring same.

"Whereas, it is necessary for various counties in the Commonwealth to obtain rights of way promptly in order to carry out projected road programs, an emergency is hereby declared to exist, and this Act shall take effect and be in full force and effect from and after its passage and approval by the Governor."

It is obvious from the section just quoted that the Legislature did not intend to substitute the new Act for any part of Chapter 80 of the Acts of 1914. Furthermore, it is clear from the title and from Section 11 that the Legislature intended only to provide an additional method for the institution and prosecution of condemnation proceedings by the fiscal court, "to obtain rights of way promptly in order to carry out projected road programs."

Section 51 of the Constitution provides that no law enacted by the Legislature shall relate to more than one subject, and that subject shall be expressed in the title of the act. The Act under consideration clearly relates to two subjects, namely, the opening and establishing of roads by the fiscal court and the condemnation of land for such purposes. An examination of cases cited under Section 51 of the Constitution will reveal that this Court has frequently said that the purpose of the provision was to enable those reading the title of an Act to get a general idea of what it treated or contained. Booth v. City of Owensboro, 275 Ky. 491, 122 S. W. (2d) 118. There is nothing in the title to the Act before us to give a person notice that the primary step to the construction of a road, namely, the opening and establishing of it, was covered in the Act. Furthermore, the Legislature expressly said in Section 11 that the Act should be considered an alternate method for the institution and prosecution of condemnation proceedings to acquire rights of way for county roads. It can not be contended,

therefore, that the Legislature would not have passed the Act without the provisions therein as to the opening and establishment of county roads by the fiscal court.

The sections of an Act that are germane to its title will be upheld, and those which are not will be declared void. Thompson v. Commonwealth, 159 Ky. 8, 166 S. W. 623. As heretofore indicated, the only germane part of the Act under consideration is that relating to the condemnation of land for county road purposes by the fiscal court. Therefore, we construe the Act as authorizing fiscal courts to institute condemnation proceedings for the acquisition of land for county road purposes, once such roads have been opened and established by the county court, as provided in Section 4301 of the Statutes.

Some question is raised as to the financial standing of Fulton County, in view of our decision in the case of Fulton County Fiscal Court v. Southern Bell Tel. & Tel. Co., 285 Ky. 17, 146 S. W. (2d) 15. The opinion on the second appeal of the case, 289 Ky. 159, 158 S. W. (2d) 437, shows that the fiscal affairs of Fulton County are now being conducted within its revenues. Furthermore, there is nothing in the record before us to show that the county would be unable to pay for rights of way acquired by it for county road purposes.

Wherefore, the judgment is reversed, with directions to set it aside, and for the entry of a judgment in conformity with this opinion.

Whole Court sitting.

Judge Thomas dissenting.