# Smallwood et al. v. Hardin County.

Dec. 15, 1944.

Haynes Carter for appellants.

J. W. Hodges, County Attorney, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On September 4, 1943, the fiscal court of Hardin County unanimously passed a resolution reciting the necessity for and declaring the establishment of a county public road in the western part of Hardin County over and along a public passway 16 feet wide, which had long been in use by the public. It runs from a previously established county highway, known as Hill's Mill and Constantine Road, westwardly, to the Breckinridge County line, a distance of about 5½ miles. The resolution declared the necessity of improving and widening the old passway and converting it into an established county public road and that it was necessary for the convenience of the public and that it be established at a width of forty feet. The resolution also declared that the old passway had become impassable and that its width was too nar-

row to permit its necessary repair without widening it. The resolution was passed pursuant to the provisions of section 178.115, KRS, which is a part of chapter 128 of the Session Acts of 1942, the title to which says: "An Act authorizing the Fiscal Court of any county to open, establish or alter any public road or structure, providing for the posting of certified copies of the Fiscal Court's order, and providing for appeals by persons aggrieved to the Circuit Court and to the Court of Appeals."

The resolution was posted as is required by that chapter. Its section (2), which is subsection 2 in the section of KRS, supra, grants the right of appeal from the resolution establishing the county highway by "any person or persons aggrieved" filing a petition in the circuit court of the county "setting forth his grievance" within thirty days from the passage of the resolution. No such procedure was followed in this case by either of the appellants who owned land necessary to be acquired for the establishment of the county public road as set forth in the resolution of the fiscal court of the county. Section 178.120, KRS, prescribes that when the fiscal court deems it to be necessary and "in the best interest of the county" to open or establish, alter or repair any public road, and it cannot agree with the owners of the land necessary to be acquired for the purpose, it may then institute condemnation proceedings for the acquisition of the required land against the owners thereof, and which shall be in accordance with the provisions of section 416.110 of the same statute.

That section (416.110) prescribes, in substance, that when it is necessary to condemn land for public road purposes the fiscal court shall pass a resolution ordering its condemnation which shall set forth "the facts contemplated by KRS 178.120" and " a general description" of the land sought to be taken, as well as the name of the owner thereof, and a direction that the county attorney institute the condemnation proceedings. Subsection (2) of section 416.110 directs that the county attorney shall file the condemnation action in the county court and attach to the petition as an exhibit a certified copy of the resolution of the fiscal court. It is further prescribed in that subsection that "The resolution shall be prima facie evidence of the public use and necessity for the condemnation."

The county attorney was given a copy of that resolution which the fiscal court passed after it was unable to agree with appellants upon the damages they would sustain for the taking of necessary land in widening the old passway and converting it into a county public road. The attorney, on September 24, 1943, filed such condemnation actions in the Hardin county court, one against appellants, J. T. Smallwood and wife, and the other against W. D. Smallwood and wife. The petitions alleged all of the facts required by the applicable statutes supra to support such actions, and defendants were duly summoned. Their answer was a general denial of the material averments of the petition. The court thereupon appointed commissioners to view the land and to assess damages to the defendants in each of the actions. They complied therewith and filed their report in which they said that it was necessary to acquire three-fifths of an acre of land belonging to J. T. Smallwood and wife which they reported was worth $21, and for necessary fencing they reported $54, making a total of $75. They found that it was necessary to acquire one-fourth of an acre of land belonging to W. D. Smallwood and wife which they valued at $6.25, and for forty-five rods of fencing at 40c per rod, amounting to $18, their total assessment being $24.25. It was agreed that a jury should be waived in the trial in the county court hearing, and that a judgment might be rendered for the amount fixed in the commissioners' report in favor of the defendants in each of the two actions, which were tried together. An appeal was prosecuted from that judgment to the Hardin circuit court.

Exceptions were filed by defendants in both actions to the commissioners' report solely upon the ground that the assessment of damages in favor of the respective landowners was insufficient. No other objection to the proceedings taken prior thereto was contained in the filed exceptions. The county judge confirmed the report. On the appeal to the circuit court the jury empaneled to try the case de novo slightly increased the damages in one of the cases, as reported by the commissioners, but reduced the damages so reported in the other case. Judgment was rendered accordingly and an appeal prayed and granted to defendants in each case.

In the motion for a new trial only three alleged errors are relied on, which are: (1) that the court erred in

adjudging the necessity for the establishment of the proposed highway; (2) error in the instruction as to the amount of damage recoverable; and (3) "because the damages allowed by the jury in its verdict were too small."

In the narrative bill of evidence no witness for either side testified upon the issue of damages sustained by defendants in either of the cases for the land proposed to be taken. The only evidence upon that issue was the report of the commissioners. Their report, therefore, effectually disposes of alleged errors (2) and (3), since it will be presumed that the commissioners correctly assessed the damages, with no testimony to overcome that presumption. Furthermore, section 416.110, supra, of KRS expressly enacts that "the resolution (by the fiscal court of such necessity) shall be prima facie evidence of the public use and necessity for the condemnation." (Our parenthesis.)

During the trial it was stipulated, as shown in the bill of exceptions, "that the Rural Highway project was regularly set up by the County and Rural Highway authorities as shown by the fiscal court order" establishing the projected highway. The resolution referred to declared the necessity for its establishment and the stipulation agreed that the "project was regularly set up by the county court etc.", which, as we have seen, is prima facie evidence of the necessity for the establishment of the projected highway. The evidence on the issue of necessity to overcome such presumption was not sufficient to do so, leaving out altogether the question as to whether or not the stipulation admitted such necessity.

On this appeal counsel for appellant makes no reference to alleged errors in the instructions of the court to the jury, devoting his entire brief to: (a) The non-necessity for the establishment of the proposed projected highway, and (b) that the applicable procedure for such establishment is that prescribed in section 178.080 of KRS, and which was not followed in this case.

Argument (a) has already been disposed of, and argument (b) is entirely unfounded, since it is based exclusively on the practice prescribed in section 178.080, which makes provision for the initiation of the establishment of a public road by a citizen or citizens, whilst section 178.115 contains provisions for the same purpose

when the fiscal court of a county initiates the procedure for the establishment of a county highway. The requirements of the latter procedure were strictly followed in this case, and, since the county initiated the proceeding for the necessary establishment of the projected road, the outlined procedure contained in section 178.080 has no application to the case. It is therefore quite clear that no prejudicial error appears in the case, and for which reason the judgment is affirmed.

The whole court sitting.