**B. L. THOMPSON et al., Appellants,**

**v.**

**FAYETTE COUNTY et al., composing the Fayette Fiscal Court, Appellees.**

Court of Appeals of Kentucky.

March 22, 1957.

Rehearing Denied June 21, 1957.

B. L. Kessinger, Jr., Harbison, Kessinger, Lisle & Bush, Lexington, for appellants.

Charles Wylie, William Sloan, Lexington, for appellees.

CLAY, Commissioner.

This is the second round in a controversy involving the opening of a street in Blue Ridge Acres subdivision near Lexington as a connecting link with the adjoining Dreamland subdivision. The first round was won by the property owners of Blue Ridge, who objected to the extension of South Ridge Drive in that subdivision to the same named street in Dreamland. McLean v. Thurman, Ky., 273 S.W.2d 825. The second and present round was won by the residents of Dreamland when the Chancellor denied relief to appellants who sought to enjoin the Fayette Couty Fiscal Court from opening this strect.

South Ridge Drive in Blue Ridge Acres subdivision, running in a westerly direction, dead-ends at Lot No. 3 in that subdivision. On the western side of this lot a street of the same name in Dreamland subdivision continues westerly. Mr. George B. Thurman owns this lot, and has been interested in devoloping Dreamland. In the case above cited we decided that the restrictive covenants in the deeds of the Blue Ridge residents prevented him from dedicating a part of this lot as a public street. In that opinion we recognized that a passway across this lot could be created by condemnation.

Subsequently Mr. Thurman and other residents of Dreamland by letter requested the Fiscal Court of Fayette County to establish a public road across this lot. The Fiscal Court proceeded to do so and by resolution declared "the Fiscal Court does hereby open and establish a public road consisting of a strip of land extending from the front to the rear of said Lot No. 3, Block 'B' of the Blue Ridge Acres subdivision * * *."

■ Appellants first contend that the restrictive covenants in the deeds to other Blue Ridge lots gave them a property right in Lot No. 3. This right is known as a negative reciprocal easement. Appellees acknowledge this property right, and consequently we have no issue here with respect to its existence. However, appellants argue that the action of the Fiscal Court, since it "established" a new street on Lot No. 3, thereby deprived them of this property right and constituted a "taking" of their property in violation of Sections 13 and 242 of the Kentucky Constitution.

■ We are confronted with the effect of the resolution of the Fiscal Court. Appellees assert the action taken was simply a first step in the opening of this street prior to condemnation, and the resolution itself did not effect a "taking" of property rights. This position is sound.

Surely no street came into being upon the passage of the resolution. It seems clear from a reading of KRS 178.080, 178.115 and 178.120 that the "establishment" of the street constitutes a designation of it, and must necessarily take place prior to acquisition of the property involved. Neither the Fiscal Court nor any one else could proceed to acquire land for a passway by condemnation or otherwise until the metes and bounds thereof were fixed. This manner of proceeding was recognized in Carrigan v. Fiscal Court of Fulton County, 289 Ky. 562, 159 S.W.2d 420. The resolution of the Fiscal Court must be construed as identifying the new roadway ultimately to be established when necessary further procedural steps have been taken. Therefore the resolution, standing alone, took nothing from appellants.

Appellants point out that after the resolution was adopted the county road engineer cut a fence on the lot in question and spread gravel thereon, the suggestion being that the roadway sought to be established by the resolution has actually come into being. It is obvious that the resolution did not authorize such action by the engineer and if any rights of appellants are being impaired, it is not by the present appellees.

■ It is next contended by appellants that proper procedure was not followed to establish this street. The resolution was adopted after the residents of Dreamland had written a letter to the Fiscal Court pointing out the necessity for the street and requesting its creation. Thereafter the Fiscal Court proceeded under the provisions of KRS 178.120, which authorize it to act on its own initiative in such matters.

An alternate method of establishing a street is provided by KRS 178.080. This statute permits a person to petition the *county court*. Thereupon viewers must be

appointed and other procedural steps taken which admittedly were not followed in this case.

Appellants contend the action of the Fiscal Court was invalid because of the lack of proper procedure under the latter statute. However, as before mentioned, alternate methods of establishing a street are prescribed, and if one is followed the other has no application. Smallwood v. Hardin County, 299 Ky. 53, 184 S.W.2d 230. The record shows that the Fiscal Court acted under and in conformity with the provisions of KRS 178.115. The fact that interested parties requested this action surely does not prevent the Fiscal Court from proceeding on its own initiative.

■ It is next contended the action of the Fiscal Court was invalid because of the failure to comply with KRS 178.050, subsection (1) of which provides:

> "No county road shall be established or discontinued, or the location thereof changed unless due notice thereof has been given according to the provisions of this chapter."

The notices prescribed by this statute must be published prior to "the receipt of bids or the hearing". The source of subsection (1) is Chapter 80 of the Acts of 1914. Insofar as we are here concerned, that chapter relates to proceedings in the *county court*. The provisions of KRS 178.115, permitting the Fiscal Court to act on its own initiative, were not a part of that chapter. Neither hearing nor bids are required by the latter statute.

It is, therefore, obvious that those notice provisions do not apply to the present proceeding.

It is next contended that no necessity for the establishment of this road was shown. On this score appellants' principal complaint seems to be that it is a private project of Mr. Thurman. Undoubtedly Mr. Thurman has been a moving force in the accomplishment of this objective. However, there was most substantial evidence of the public necessity for this connecting link between the two subdivisons. There was evidence that it would facilitate fire and police protection and that school buses and other transportation facilities could better serve the area if the street was established. The fact that Mr. Thurman was instrumental in bringing this public necessity to the attention of the Fiscal Court in no way affects the validity of its action.

■ It is finally urged the trial court improperly permitted Mr. Thurman's attorney, F. Selby Hurst, to participate in the trial of this action as amicus curiæ. This is a matter that lies within the discretion of the court. It is commendable practice in the interests of justice for a court to utilize all available assistance by its own legal officers. The practice has been approved in other jurisdictions. Jewell Ridge Coal Corporation v. Local No. 6167, D.C., 3 F.R.D. 251; In re Perry, 83 Ind.App. 456, 148 N.E. 163; Hamlin v. Perticuler Baptist Meeting House, 103 Me. 343, 69 A. 315.

The judgment is affirmed.