**BOARD OF EDUCATION OF FLOYD COUNTY, Kentucky, et al., Appellants,**

v.

**John HALL et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 19, 1962.

Joe Hobson, Prestonsburg, for appellants.

W. W. Burchett, Prestonsburg, for appellees.

PALMORE, Judge.

During the month of July, 1959, the appellant Jones supplied to the Floyd County school board paint and other merchandise for which he was later paid $551.67 pursuant to a resolution adopted by the board on August 4, 1959. Two of the five board members opposed approval of the claim on the ground that in the absence of competitive bidding the procurement was invalid. As taxpayers, they brought this suit for recovery of the $551.67 against Jones and the three board members who by their votes ratified it and authorized the allegedly illegal payment. The defendants appeal from a judgment entered against them jointly and severally in the full amount sought.

The case involves a question of statutory construction, but since the appellants took the precaution of bringing their appeal both by motion and as a matter of right we need not determine whether a motion was required.

A statutory requirement of competitive bidding in the letting of public

contracts is mandatory, and nonobservance renders the contract void. McQuillin, Municipal Corporations, § 29.30 (Vol. 10, p. 268). "If applicable, such a requirement must be observed in good faith by the acting municipal authorities. And where a municipality is prohibited from letting contracts * * * of more than a specified sum without submitting the same to competitive bidding, it cannot divide the work and let it under several contracts, the amount for each falling below the amount required for competitive bidding." Id., § 29.33 (Vol. 10, pp. 279–280).

■ Acceptance of benefits under a public contract that is void for failure to advertise does not effect a ratification, because, as it was said in Fulton County Fiscal Ct. v. Southern Bell Tel. & T. Co., 1942, 289 Ky. 159, 158 S.W.2d 437, 439, "Since ratification is equivalent to prior authority, when a particular form or mode is necessary to confer authority in the first instance, there can be no valid ratification except in the same manner." Nor does the acceptance of benefits raise an implied contract so as to permit recovery on a quantum meruit basis. Oberwarth v. McCreary County Board of Education, 1938, 275 Ky. 319, 121 S.W.2d 716; Hays' Ex'x v. Burns, 1926, 216 Ky. 827, 288 S.W. 2d 764; District of Highlands v. Michie, 1908, 107 S.W. 216, 32 Ky.Law Rep. 761. All of this being so, the logical converse is that public funds paid out pursuant to such a transaction are recoverable. Keenon v. Adams, 1917, 176 Ky. 618, 196 S.W. 173, apparently holding to the contrary, was effectively overruled in Trimble County v. Moore, Ky.1958, 312 S.W.2d 623, which held also that the acceptance of benefits does not work an estoppel. If, therefore, the transactions here in question fell within any statutory requirement of competitive bidding, the judgment must stand.

KRS 162.070, which has not been amended by specific reference since 1954, provides, with certain exceptions applicable only in Jefferson County, that a school board must advertise for competitive bidding any purchase of supplies and equipment in excess of $250 and any contract for new construction, additions or repairs to buildings except for repairs not exceeding $150. However, Chapter 42 of the Acts of 1958, all of which but the repealing provision was incorporated in KRS Chapter 424, established a comprehensive new set of requirements with respect to advertisement by public bodies. Section 16 of that Act (now KRS 424.260) provided as follows:

"Except where a statute specifically fixes a larger sum as the minimum for a requirement of advertisement for bids, no city, county or district, or board or commission of a city or county, may make a contract for materials, supplies or equipment, or for contractual services other than professional, involving an expenditure of more than $500, without first making newspaper advertisement for bids." (The amount was later changed to $1,000 by Ch. 168, Sec. 1, Acts of 1960.)

Section 29 of the 1958 Act expressed its purpose as being "to standardize and make uniform the law relating to legal advertisements and to that end it shall be deemed to supersede all other statutes and parts of statutes containing specialized provisions for particular advertisements, to the extent that such provisions are in conflict with this Act."

■ Since the minimum figures of $150 and $250 fixed by KRS 162.070 were less than the $500 minimum set forth in KRS 424.260 as enacted in 1958, KRS 162.070 was to that extent repealed and superseded by KRS 424.260. The question here, then, is whether the purchase from Jones was in legal contemplation a single transaction involving more than $500, that being the applicable minimum before the 1960 amendment of KRS 424.260.

The merchandise in question was bought in dribbles and dabs and was used for the maintenance and repair of several county schools. According to the testimony, it was customary to paint in July, and we agree with the trial court that the board's requirements for paint and painting supplies could reasonably have been estimated in advance and a contract advertised for and made on an "as required" basis. However, $113.10 of the $551.67 total was for the purchase of a toilet bowl, lavatory faucet, electrical equipment, and such other miscellaneous items as saw blades and pick handles. These, we think, would not ordinarily be advertised for purchase under the same contract as paint and painting supplies, and it was proper for the board in good faith to buy them separately. To require the furnishing of paint, hardware, and plumbing fixtures under the same contract would discriminate against the paint store that does not handle hardware, the plumbing supply house that does not handle paint, etc. Public contracts must be reasonably adapted to the customs and channels of trade, and reason would not demand, nor good faith normally permit, that toilet bowls and pick handles be lumped with paint and brushes under the same procurement contract.

We recognize that the supplier's claims in this case were raised to the status of a contract by a single act of ratification, the resolution of August 4, 1959, which involved more than $500. However, the vital point is that the transactions covered were legally separable and factually separate, and it would hardly make good sense to hold that they could have been ratified severally but not together.

Since we have determined that the items purchased fell within severable categories, no one of which involved more than $500, advertising for competitive bidding was not required. An official order or resolution duly adopted and shown by the board's minutes being all that was necessary to a valid authorization of each in the first instance, the action of August 4, 1959, was a sufficient ratification.

To the extent that the judgment awarded monetary recovery it is reversed with directions to enter judgment for the defendants.