**Thelma L. STOVALL, Individually and Thelma L. Stovall, Secretary of State of the Commonwealth of Kentucky, Appellant,**

v.

**Marlow W. COOK, Appellee.**

**Thelma L. STOVALL, Individually and Thelma L. Stovall, Secretary of State of the Commonwealth of Kentucky, Appellant,**

v.

**Lyle L. WILLIS, Appellee.**

Court of Appeals of Kentucky.

Aug. 6, 1974.

———◆———

Joseph J. Leary, Frankfort, for appellant.

Ben B. Fowler, Stites, McElwain & Fowler, Frankfort, Fred M. Goldberg, John Reed Cox, Goldberg, Steutermann & Nicholas, Louisville, for appellee Marlow W. Cook.

No appearance for appellee Lyle L. Willis.

PER CURIAM.

KRS 123.071, a section of the statutory chapter covering corrupt practices in elections, requires a candidate for elective pub-

lic office to designate a campaign treasurer. It was amended and re-enacted into its present form by Section 5, Chapter 81, Acts of 1970, entitled "An Act relating to campaign contributions and expenditures in elections." Immediately before the 1970 amendment it required the designation to be made on or before the date of the candidate's public announcement or on the date of his filing as a candidate, whichever was the earlier. This time-schedule was the only respect in which it related to the filing of his candidacy.

The 1970 amendment (the present statute) requires that the designation be made "at the time and with the office he files as a candidate on a duplicate form prescribed and furnished by the [Kentucky Registry of Election Finance]," followed by this enforcement provision (italics ours): *"and until this requirement is met his qualifications as a candidate shall not be complete and his filing papers shall not be accepted by the office with which he is required to file."*

The subject of how and when a person becomes eligible for nomination to public office in a primary election is covered in KRS Chapter 119. At the time the 1970 amendment to KRS 123.071 was enacted the procedure for securing a place on a primary ballot, including the conditions precedent with respect to form, time, and place for the filing of nominating papers, was set forth in KRS 119.050. (This statutory section was superseded in 1972 by KRS 119.055.)

Our opinions on the ultimate issues (as we analyze them) presented in this case, including those raised for the first time at the appellate stage, are as follows:

■ 1. That portion of KRS 123.071 quoted above in italics, by which it is provided that the candidate shall not be qualified and the officer with whom his papers are to be filed shall not accept the papers until he has designated a campaign treasurer is not germane to the title of Chapter 81, Acts of 1970, and is void under Section 51 of the Constitution of Kentucky.

■ 2. The penalty provisions of KRS 123.991 cannot reasonably apply to a mere delay in appointing a campaign treasurer in the manner and in the time provided by KRS 123.071. Hence the appellee's temporary default in that respect in the Cook case did not amount to a violation of the Corrupt Practices statutes.

3. Nor can the penalty provisions of KRS 123.991 reasonably apply to a simple failure to make the designation on or in the precise form prescribed by the Registry, which appears to have been the only dereliction in the Willis case.

The judgments are affirmed.

All concur.