Richard H. LEWIS, John W. Crimmins, and Edward A. Farris, Comprising and Constituting the Alcoholic Beverage Control Board and The Department of Alcoholic Beverage Control, and John C. Wells, Commissioner of Labor, and The Department of Labor, Commonwealth of Kentucky, Appellants,

v.

CAPTAIN'S QUARTERS, INC., J. Michael Noll, d/b/a Covington House, Robbie Masterson and Phillip Masterson, d/b/a Masterson's Food and Drink, Appellees.

Court of Appeals of Kentucky.

July 15, 1983.

Carol M. Palmore, Gen. Counsel, Dept. of Labor, Catherine C. Staib, Gen. Counsel, Alcoholic Beverage Control Bd., J. Michael Fleming, Asst. Counsel, Dept. of Labor, Frankfort, for appellants.

Richard M. Trautwein, Maurice A. Byrne, Jr., Barnett & Alagia, Louisville, for appellees.

Before COOPER, DUNN and HOWERTON, JJ.

HOWERTON, Judge.

This appeal is from a declaratory judgment by the Franklin Circuit Court construing a portion of 1982 Senate Bill 293 as an unconstitutional amendment of KRS 244.-290(5). The court concluded that the amendment violated § 51 of the Kentucky Constitution, which provides that no act shall relate to more than one subject and that the subject shall be expressed in the title of the bill.

Senate Bill 293 is entitled "An Act Relating to Alcoholic Beverage Control." Its primary purpose was to permit the sale of alcoholic beverages by the drink in certain areas on Sunday. The Bill was amended during consideration in the House, and the amendment concerns the manner of calculating and paying minimum wages. The Bill was adopted as amended, and the amendment has been published as KRS 244.290(5). It reads:

(a) Any hotel, motel, restaurant operation, convention center or commercial airport which sells liquor on Sunday shall pay each of its employees wages at a rate of not less than the minimum wage as set forth in KRS 337.275(1), the provisions of KRS 337.275(2) and KRS 337.010(2)(c)(vi) notwithstanding.

(b) No employer shall use all or part of any tips or gratuities received by employes toward the payment of the statutory minimum wage as required under KRS 337.275(1). Nothing, however, shall prevent employes from entering into any agreement to divide tips or gratuities among themselves.

■■■ Section 51 of the Kentucky Constitution prohibits the General Assembly from enacting any legislation that is not restricted to a single subject matter which is specifically expressed in the title of the law. It provides:

No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be reenacted and published at length.

The purpose of § 51 is to prevent surreptitious legislation. *Bowman v. Hamlett,* 159 Ky. 184, 166 S.W. 1008 (1914). The title of an act must give a general idea of its contents, but it need not refer specifically to every provision. *Thompson v. Commonwealth,* 159 Ky. 8, 166 S.W. 623 (1914).

*Thompson* considered a constitutional challenge to an act "to appropriate money" to houses of reform which also included amendments directed toward "confinement" in houses of reform. The court concluded that the amendments were not germane to the title and were violative of § 51. The opinion reads, in part, at 166 S.W. 624:

If the validity of these sections should be sustained, so much of sec. 51 as declares that "No law enacted by the General Assembly shall relate to more than one

**28**

subject and that shall be expressed in the title," would have no meaning or effect whatever, and the Legislature would be at liberty to incorporate in any Act, under any title, any number of subjects and any legislation, without reference to whether it was germane to or expressed in the title or not.

Confinement was not within the general idea of appropriating money, at least as it was included in that act.

Judge Williams stated that there were numerous grounds challenging the constitutionality of Senate Bill 293, but he considered only the violation of § 51. He concluded that there was no relation between the title, which pertains to alcoholic beverages, and § 1(5), which pertains to minimum wages, and he held that the amendment was an unconstitutional violation of § 51.

Our Kentucky Supreme Court recently rejected a comparable attempt to amend a law relating to medical practice by attaching an amendment to legislation entitled "An Act Relating to Health Care Malpractice Insurance and Claims," which amended the insurance code in KRS Chapter 304. *McGuffey v. Hall*, Ky., 557 S.W.2d 401 (1977). In referring to § 51 of the Kentucky Constitution, the opinion provides:

> Still, however, it is not a lifeless anachronism, and there are wholesome limits to what can be loaded into one bill. We have only to ponder the incredible morass in Washington, D.C., to be admonished against what can happen to legislation when it can be made up, sidetracked, taken apart, switched around and put together again like a freight train. Happily, our Constitution does not permit it.

*See also, Stovall v. Cook*, Ky., 512 S.W.2d 487 (1974). The subject of minimum wages, even though limited to a certain group of businesses which sell alcoholic beverages, is clearly beyond the "general idea" of a bill pertaining to alcoholic beverage control. Wage laws, including those covering restaurant workers and those receiving tips, are found in KRS Chapter 337. Alcoholic beverage control laws are primarily in KRS Chapter 244.

The judgment of the Franklin Circuit Court is affirmed.

All concur.