Edward FARRIS and John Crimmins, Members of the Alcoholic Beverage Board of Kentucky, and the Department of Alcoholic Beverage Control, Movants/Appellants,

v.

SHOPPERS VILLAGE LIQUORS, INC., et al., Respondents/Appellees.

Supreme Court of Kentucky.

May 10, 1984.

Catherine Staib, General Counsel, Alcoholic Beverage Control Board, Frankfort, for movants/appellants.

Robert Miller, Miller, Griffin & Marks, P.S.C., Lexington, Joseph J. Leary, Frankfort, for respondents/appellees.

AKER, Justice.

The 1982 session of the General Assembly passed House Bill 571, Chapter 390, 1982 Acts of the General Assembly, which was titled "An Act Relating to Revenue and Taxation." The bill created an alcoholic beverage tax at the wholesale distribution level of 9% and repealed the retail sales tax on alcoholic beverages sold for off premises consumption.

Section 12 of House Bill 571, which was added as the result of a Senate amendment, now codified as KRS 243.892, reads as follows:

(1) A wholesaler, his agents or employees, shall sell or contract to sell distilled spirits and wine only by a written invoice made concurrently with the sale of delivery, showing price, name, license number and designated premises of licensed retailer. Sales and deliveries shall only be made to the designated premises of retail licensee shown on written invoice and each retail licensee shall constitute a separate purchasing entity for the premises of a multi-licensee shall constitute a separate purchasing entity.

(2) No wholesaler shall make, directly or indirectly, through any agent or employee, and no retailer shall receive any payment of any allowance, rebate, refund, concession or discount, whether in the form of money or otherwise, that

does not conform with the prices and conditions of sales shown on the invoice.

Appellees brought an action in Franklin Circuit Court for a declaratory judgment as to the constitutionality of KRS 243.892. The court ruled the statute to be in violation of Sections 47 and 51 of the Kentucky Constitution and issued an injunction permanently enjoining the appellants from enforcing the statute. Appellants filed a notice of appeal, and a joint motion for transfer was granted by this court. We affirm the unconstitutionality of KRS 243.892, but we dissolve the permanent injunction.

 Section 51 of the Constitution of Kentucky provides that no law enacted by the General Assembly shall relate to more than one subject, and that subject shall be expressed in the title. The purpose of this provision is to enable those reading the title of an act to get a general idea of what it contains. *Booth v. City of Owensboro,* 275 Ky. 491, 122 S.W.2d 118 (1938). *Stovall v. Cook,* Ky., 512 S.W.2d 487 (1974). KRS 243.892 is not germane to the subject matter suggested by the title, "An Act Relating to Revenue and Taxation," and does not satisfy the notice requirement of Section 51. Therefore, the statute is unconstitutional.

 Additionally, since KRS 243.892 does not relate to the subject matter of revenue and taxation, it is unconstitutional for violating Section 47 of the Kentucky Constitution. That section, which deals specifically with revenue raising bills, prohibits the Senate from attaching amendments which do not relate to that subject matter.

The remaining sections of the Act are not affected by this ruling. *Carrigan v. Fiscal Court of Fulton County,* 289 Ky. 562, 159 S.W.2d 420 (1942).

The judgment of the Franklin Circuit Court declaring KRS 243.892 unconstitutional is hereby affirmed. The permanent injunction issued by that court on January 26, 1983, is dissolved so that the Department of Alcoholic Beverage Control may enforce those statutes which are not affected by this ruling.

All concur.