**408**

Woodrow OWSLEY, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 86–CA–1041–MR.

Court of Appeals of Kentucky.

Oct. 30, 1987.

As Modified on Denial of Rehearing
Jan. 15, 1988.

David E. Murrell, Rebecca E. Murrell, Louisville, for appellant.

Daniel E. Cohen, Michael Harned, Asst. Attys. Gen., Frankfort, for appellee.

Before COMBS, COOPER and WILHOIT, JJ.

COMBS, Judge.

Appellant, Woodrow Owsley, appeals his conviction in the Knott Circuit Court of first-degree sexual abuse. KRS 510.110. Appellant also challenges the constitutional validity of KRS 532.045, which precludes him from probation eligibility for the duration of his five-year sentence.

Owsley was indicted on four counts of first-degree rape, KRS 510.040, as well as the count of first-degree sexual abuse. The victim, K.M., was a minor female, aged ten years at the time of the crime. Owsley was forty-five years old at the time, and is K.M.'s uncle by marriage. A full account of the facts behind the charges is unnecessary. We will allude to only those that touch upon the issues as necessary to resolve them.

■ Owsley alleges that reversible error occurred during trial when the prosecuting attorney questioned him on cross-examination. A part of Owsley's defense was that a sixteen-year-old neighborhood boy was the only person who had sexual contact with K.M., if anybody did. One evening while K.M. was home alone, Owsley observed the boy walking towards her home. Owsley confronted the boy there, and scolded him for being alone with the girl. The prosecuting attorney asked Owsley "Do you recall saying to [the boy] 'Why are you trying to hurt the one I love?'"

No objection was made at the time the question was asked. It was only later, at the end of the trial, that Owsley moved for a mistrial. Thus it is questionable whether this issue was preserved for our review. In either event we see no reversible error. Owsley complains that no foundation for the question was laid during his direct examination, and that the prosecution failed to produce any evidence that Owsley spoke the words after he denied doing so. Ows-ley relies primarily upon *Pace v. Commonwealth*, Ky., 636 S.W.2d 887 (1982), which we clearly distinguish from the case at bar. In *Pace*, the prosecutor, out of the blue, asked the defendant a question which implied the existence of a factual predicate which he never supported with evidence. But the prosecution's question in *Pace* hit broadside upon the defendant's alibi defense, implying that the defendant was not where he claimed he was at the time of the crime. In this case, whatever the purpose of the question was, it did not materially prejudice the defense. It was already established that Owsley dearly loved K.M. in a non-sexual way. The question he was asked if he posed to the boy would seem to implicate the boy more so than Owsley.

■ Owsley's second assignment of error is that the court wrongfully denied his motion for a directed verdict when K.M.'s testimony was so incredible and improbable to be as variance with the laws of common sense. *See Carmicle v. Commonwealth*, Ky., 452 S.W.2d 378 (1970). Owsley points to certain inconsistencies in K.M.'s testimony, not the least of which being her initial accusation that the perpetrator was the teenaged boy we alluded to earlier. Two adult witnesses, as well as the doctor who examined K.M., corroborated her saying this. The doctor further testified that he could not be medically certain that penile penetration had occurred. There were other inconsistencies in K.M.'s testimony. However, her testimony was quite lucid and precise as to the incident of which Owsley was convicted. She also explained that her early false accusation of the boy was due to Owsley's threat that if she revealed his actions he would kill her mother, and both of them would have trouble. While the doctor could not conclude that penile penetration took place, he also testified that K.M.'s hymen was stretched, and that that is consistent with penile penetration. Credibility of the witnesses is for the jury to decide. *Hunt–Forbes Const. Co. v. Jordan's Adm'x*, 250 Ky. 450, 455, 63 S.W.2d 501 (1933). Granted, there are inconsistencies in the child's testimony, but not of a number or to a degree that would warrant taking the case from the jury.

We next consider Owsley's arguments that attack the constitutionality of KRS 532.045. This statute prohibits probation eligibility for certain convicts, among them are those convicted of violating KRS 510.110.

Owsley first contends that the subject matter of this statute is not germane to the title of the Act, in violation of § 51 of Kentucky's Constitution. According to § 51 "No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title ..." KRS 532.045 was enacted by the 1984 General Assembly by Chapter 382, § 23 of the Kentucky Acts. The title of the Act is "AN ACT relating to sexually abused, missing and exploited children, including those persons who commit offenses relating thereto."

Some of the crimes for which KRS 532.045 prohibits probation could have adults only as perpetrators and victims. For example, KRS 510.100 prohibits "deviate sexual intercourse with another person of the same sex," but nowhere concerns itself with the age of the participants. Likewise, KRS 510.140 prohibits non-consensual sex, and KRS 510.150 prohibits indecent exposure; but neither makes age an issue. Thus, KRS 532.045 in its entirety must be declared void according to Owsley.

However, there is no question that the offense of which Owsley was convicted is germane to the title of the Act. It has already been decided that when considering statutory compliance with § 51, if portions of the act are germane to the title they will be upheld; if other portions are not they will be declared void. *Carrigan v. Fiscal Court of Fulton County*, 289 Ky. 562, 159 S.W.2d 420 (1942). Thus, § 51 nor the courts view a statute as a monolithic "package deal," to be accepted or rejected *in toto*. We leave to be considered another day whether other portions of KRS 532.045 pass constitutional muster. For today, we need only hold that KRS 510.110, as it appears in KRS 532.045, certainly does.

Owsley next argues that KRS 532.045(1)(h) violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution because it punishes males but not females who engage in "substantial sexual conduct" with a minor under the age of fourteen years. KRS 532.045(2) defines substantial sexual conduct as:

> [P]enetration of the vagina or rectum by the penis of the offender or by any foreign object, oral copulation, or masturbation of either the minor or the offender.

Owsley interprets this to mean that only conduct involving penile penetration is punishable. But the statute clearly condemns penetration by *any foreign object* as well as other kinds of sexual conduct capable of being performed by males or females. The equal protection argument is meritless.

Finally, Owsley contends that KRS 532.045(1)(i) violates § 59 of Kentucky's Constitution as being class legislation. The class distinction attacked by Owsley is those persons who commit acts of substantial sexual conduct upon a minor while occupying "a position of special trust." These persons include relatives, teachers, coaches, counsellors and others. Creation of this class possibly allows mere acquaintances to escape the provisions of this statute. Owsley concedes that pursuant to the holding in *Kentucky Milk Marketing and Anti–Monopoly Commission v. Borden Company*, Ky., 456 S.W.2d 831 (1970), legislation can distinguish between classes if there is a reasonable basis for the decision. However, he discerns no reasonable basis for the class distinction. We are of a different opinion. We think there is a reasonable basis in the legislature's contrasting sexual offenders who are strangers or mere acquaintances of the abused child from those who abuse not only the child, but their advantageous position as a person who society teaches the child to regard as an adult role model.

The judgment of the Knott Circuit Court is affirmed.

All concur.