JOHNSON, JUDGE:
Bruce Caldwell brings this appeal from a judgment entered by the Christian Circuit Court on November 2, 2016, following a jury trial on September 12, 2016. Pursuant to the judgment Caldwell was sentenced to serve three years' imprisonment for the crime of sexual abuse, first degree.[1] After reviewing the record in conjunction with the applicable legal authorities, we affirm the Christian Circuit Court.
BACKGROUND
Caldwell was a long-time family friend of the victim, aged 14 years at the time of the incident. On July 31, 2015, Caldwell took the victim and her two siblings to Walmart and McDonald's and then returned to his apartment. Caldwell called the children's parents and offered to keep them for the rest of the day. The parents accepted his offer. Later in the evening, Caldwell spoke to the children's parents again and offered to keep them even longer, this time overnight. The parents again accepted his offer.
The victim testified that later that evening, she began to feel hungry and put a pizza in the oven. At this point, she stated that Caldwell commented on her beauty and how quickly she was maturing. The victim testified that Caldwell then came up behind her and put his arms around her in an unwelcome embrace, sliding his hands under her shirt and touching her breasts *876 over her bra. The victim testified that this lasted for a minute or two before she told Caldwell she wanted to go to bed. At that point she said Caldwell pushed her up against the wall and started kissing her neck when she began yelling and screaming for him to stop.
The victim testified that she was eventually able to extricate herself from Caldwell in the kitchen and retreated into the bedroom with her siblings. She held the younger children tightly and pretended to be asleep. She then heard Caldwell enter the room but continued to feign sleep. Caldwell left the room.
The next day, the victim told her parents about the assault. The victim's father confronted Caldwell with the allegations. Father testified that Caldwell denied touching the victim in a sexual manner but insisted all he did was give her a back rub. Caldwell, however, did acknowledge to the father that he "messed up" and wished it had not happened.
Caldwell was subsequently arrested, tried and convicted of sexual abuse, first degree, pursuant to KRS 510.110(1)(d) being found to be a "person in a position of authority or position of special trust, as defined in KRS 532.045 [.]" On appeal, Caldwell contends that there was no evidence in the record to support the finding that he was in a position of special trust with the victim. He argues that his conviction for sexual abuse, first degree violated his due process rights when the trial court refused to grant his motion for a directed verdict.
This appeal follows.
STANDARD OF REVIEW
"On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal." Commonwealth v. Benham , 816 S.W.2d 186, 187 (Ky. 1991). The evidence presented by the prosecution must be more than a mere scintilla. Id. at 188.
ANALYSIS
Caldwell argues that his conviction pursuant to KRS 510.110(1)(d) was error. KRS 510.110 requires that the person found guilty of sexual abuse must be a person in a position of authority or of special trust with their victim. Caldwell argues that there was no evidence presented at trial which shows him to be in a position of special authority or special trust with the victim.
KRS 532.045(1)(b) states that a "[p]osition of special trust means a position occupied by a person in a position of authority who by reason of that position is able to exercise undue influence over the minor[.]" As we stated in Owsley v. Commonwealth , 743 S.W.2d 408, 410 (Ky. App. 1987), "[w]e think there is a reasonable basis in the legislature's contrasting sexual offenders who are strangers or mere acquaintances of the abused child from those who abuse not only the child, but their advantageous position as a person who society teaches the child to regard as an adult role model."
While not every family friend might be in a "position of special trust," that does not mean or support the conclusion that no family friend could be rightly considered to be in a position of special authority or trust. The determination of whether Caldwell's relationship with the victim amounted to a position of special authority or trust with the victim was a question of fact, and therefore a matter for the jury to determine. Contrary to Caldwell's assertions, the question of whether he held a special position with the victim was included in the jury instructions as one of the facts they must find in order to find Caldwell *877 guilty under KRS 510.110(1)(d). In this instance, the victim testified on the stand that Caldwell was her "papa," he was like a family member, they often did things with him as a family, she trusted him, and felt comfortable confiding in him. Thus, the court was correct when it denied his motion for a directed verdict, given that there was evidence in the record concerning the nature of his relationship with the victim.
Combining victim's testimony concerning her relationship with Caldwell and the fact that the victim and her two siblings spent the night at Caldwell's house with Caldwell being the adult in charge, a finding of guilt by the jury was not unreasonable. Thus, Caldwell's Motion for Directed Verdict was properly denied by the trial court.
CONCLUSION
Based upon the foregoing, the Christian Circuit Court is affirmed.
ALL CONCUR.

Kentucky Revised Statutes ("KRS") 510.110.