RENDERED: APRIL 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1073-MR

COURIER-JOURNAL, INC.                  APPELLANT

                 APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE MITCHELL PERRY, JUDGE
                 ACTION NO. 20-CI-007395

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT, BY AND
THROUGH THE LOUISVILLE
METRO POLICE DEPARTMENT                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, KAREM, AND McNEILL, JUDGES.

KAREM, JUDGE: The Courier-Journal, Inc. appeals from the Jefferson Circuit Court's August 10, 2022, order granting in part and denying in part Louisville-Jefferson County Metro Government's Supplemental Motion to Dismiss and the Courier-Journal's Motion for Summary Judgment.

Specifically, the Courier-Journal requests this Court to (1) order Louisville-Jefferson County Metro Government ("Louisville Metro") to produce the entire investigation file regarding the Explorer Program, a mentorship and recruitment program for high school students interested in law enforcement careers; (2) find that Louisville Metro Police Department ("LMPD") willfully violated the Open Records Act (the "Act"); and (3) remand the case for the circuit court to oversee production and determine the appropriate amount of statutory fees and penalties. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an open records request ("ORR") made by the Courier-Journal for LMPD records relating to its internal investigation of sexual abuse allegations against officers involved in the Explorer Program. LMPD failed to produce the requested documents because it claimed they no longer possessed the records. Specifically, LMPD contended that it had transferred the records to the Federal Bureau of Investigation ("FBI"), which was also investigating the allegations against the officers pursuant to a Memorandum of Understanding ("MOU") setting out the parameters of the joint investigatory task force.

The Courier-Journal appealed LMPD's failure to produce the requested records to the Office of the Attorney General ("OAG"). The OAG determined that "the MOU allows LMPD to access task force information, subject

to approval of the task force supervisor and applicable law and FBI procedures."[1] Additionally, the OAG determined that LMPD had violated Kentucky Revised Statute ("KRS") 61.880(1) "for failing to search its own records prior to responding to the Courier-Journal's [ORR]." Moreover, the OAG determined that LMPD had violated the Act "when it failed to review the MOU and investigation file[] and produce for inspection any nonexempt [responsive] public records."[2] Finally, the OAG stated that "LMPD failed to meet its burden of proof under KRS 61.880(2)(c) and support withholding the MOU" and "did not identify any statute, law, or regulation exempting the [MOU] from disclosure."[3]

Louisville Metro appealed the OAG's opinion to Jefferson Circuit Court under KRS 61.880(5)(a). However, after discovery commenced, Louisville Metro voluntarily moved to dismiss the action. The Courier-Journal responded by requesting the Jefferson Circuit Court retain jurisdiction to supervise Louisville Metro's compliance with the OAG opinion. The Jefferson Circuit Court granted Louisville Metro's motion and dismissed the action.

Contemporaneously, the Courier-Journal filed this action seeking enforcement of the OAG's opinion and attorney's fees and penalties under KRS

---

[1] *In re: Jon Fleischaker/Louisville Metro Police Department*, Ky. Op. Atty. Gen. 19-ORD-198, 2019 WL 5663408, at *4 (Oct. 24, 2019).

[2] *Id.* at *5.

[3] *Id.* at *9.

61.882(5). The Courier-Journal filed a motion for summary judgment seeking enforcement of the OAG's opinion, while Louisville Metro filed a motion to dismiss. The circuit court held oral arguments on the pending dispositive motions.

Ultimately, the circuit court held that since Louisville Metro had voluntarily dismissed its appeal of the OAG's decision, the decision was final and had the full effect of law. Thus, "[b]oth the Courier-Journal and Louisville Metro [were] obligated to strictly comply with the requirements of that decision." Further, the circuit court found that the Courier-Journal could not support "a finding that the records were willfully withheld[,]" thus denying the Courier-Journal's request for attorney's fees, costs, and statutory penalties. KRS 61.882(5).

Based on its analysis, the circuit court granted the Courier-Journal's motion for summary judgment regarding the enforcement of the OAG decision and denied its motion for summary judgment as to attorney's fees and statutory penalties. The circuit court also granted Louisville Metro's motion to dismiss regarding attorney's fees and statutory penalties and denied its motion as to dismissal of the enforcement action. The Courier-Journal now appeals from this order.

We will discuss further facts below as necessary.

## ANALYSIS

### 1. *Amicus* Brief

As a preliminary matter, the Jefferson County Attorney's Office ("JCAO") has requested leave to file an *amicus curiae* brief under Kentucky Rule of Appellate Procedure ("RAP") 34. The motion panel passed this matter to the merits panel for final adjudication.

Allowing an *amicus curiae* to participate "is a matter that lies within the discretion of the court." *Thompson v. Fayette County*, 302 S.W.2d 550, 552 (Ky. 1957). Having considered the *amicus* brief, we have granted the JCAO's motion by separate Order issued this same date.

### 2. Standard of Review

While the Courier-Journal is appealing from the circuit court's partial grant of summary judgment in its favor, the issues in this case involve the Courier-Journal's dispute with the circuit court's factual findings. Indeed, the circuit court's consideration of the Courier-Journal's enforcement request did not depend on analysis or interpretation of the Act. Therefore, instead of a purely *de novo* review, we will proceed with a "clear error" review of the circuit court's factual conclusions. *City of Fort Thomas v. Cincinnati Enquirer*, 406 S.W.3d 842, 849 (Ky. 2013) (citation omitted) ("We review the trial court's factual findings for clear error, and issues concerning the construction of [the Act] we review *de*

*novo*.").  Under "clear error" review, "[a] factual finding is not clearly erroneous … if it is supported by substantial evidence, *i.e.*, supported by evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable persons."  *Id*. at 854 (internal quotation marks, citation, and brackets omitted).

In the context of a trial court denying and dismissing a claim for attorney's fees and penalties under the Act, the standard of review is abuse of discretion.  *Id*.  A circuit court's decision is an abuse of discretion when it is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."  *Miller v. Eldridge*, 146 S.W.3d 909, 914 (Ky. 2004) (internal quotation marks and citation omitted).

### 3.  **Enforcement of the OAG Decision**

The Courier-Journal first argues that, because LMPD did not appeal the OAG's opinion, the circuit court erred in failing to clearly compel LMPD to produce the entire unredacted Explorer investigation file.[4]  Under the Act, KRS

---

[4] Louisville Metro responds that it has produced all responsive records, rendering the issue moot. *See Cabinet for Health and  Family Services v. Courier-Journal, Inc.*, 493 S.W.3d 375, 383 (Ky. App. 2016).

"A 'moot case' is one which seeks to get a judgment . . . upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a *then* existing controversy."  *Morgan v. Getter*, 441 S.W.3d 94, 98-99 (Ky. 2014) (quoting *Benton v. Clay*, 233 S.W. 1041, 1042 (Ky. 1921)).  In this case, we are reviewing the circuit court's factual determinations on the Courier-Journal's motion for summary judgment.  Because that

61.880 provides for review by the Kentucky Attorney General of a public agency's refusal to provide records or to respond to an ORR. Under KRS 61.880(5)(b), if a party fails to timely appeal, an OAG's "decision shall have the force and effect of law and shall be enforceable in the Circuit Court[.]" Thus, in such an enforcement action, the circuit court does not reach the case's merits under the Act but simply enforces the OAG's opinion as written.

In this case, the parties agree that the OAG decision is final and has full effect of law. However, they disagree regarding the breadth and scope of the OAG's opinion. Contrary to the Courier-Journal's argument, nothing in the OAG's opinion held that the Courier-Journal was entitled to production of the total Explorer investigation file. Rather, the circuit court's order correctly summarized the issues as follows:

> Since the appeal of [the OAG decision] has been voluntarily dismissed; it is now final and has full effect of law. Both the Courier-Journal and Louisville Metro are obligated to strictly comply with the requirements of that decision. All this Court is empowered to do is enforce the attorney general's opinion. *Contrary to the Courier-Journal's assertion, the OAG decision does not explicitly grant access to the full investigative file. Rather references in the decision are made to "responsive records."* This is not as narrow as Louisville Metro argues, but also does not necessarily encompass the entire file as the Courier-Journal contends. Instead, it means what it says plainly on its face: *Louisville Metro*

---

determination is directly relevant to the relief sought by the Courier-Journal, this matter is not moot.

> *is required to produce all records responsive to the*
> *request that it has access to via the MOU.*

(Emphasis added) (citations omitted).

We agree with the circuit court that, contrary to the Courier-Journal's assertion, the OAG's decision does not explicitly grant access to the full investigative file. Rather, the decision referenced "responsive records." Thus, in this case, the circuit court correctly granted the Courier-Journal's motion for summary judgment regarding the enforcement of the OAG's decision. Further, the circuit court correctly determined that the parties were required to comply with the OAG's opinion and that the custodian of records for Louisville Metro was required to ensure compliance and produce responsive, non-exempt records to which it has access to under the MOU to the Courier-Journal. Thus, none of the circuit court's determinations regarding factual allegations or legal conclusions constituted clear error, and we affirm.

### 4. Attorney's Fees, Costs, and Statutory Penalties

The Courier-Journal next contends that the circuit court abused its discretion when it failed to find LMPD willfully refused to comply with the Act and award the Courier-Journal attorney's fees, costs, and statutory penalties. Under KRS 61.882, there must be "a finding that the records were willfully withheld" to be entitled to attorney's fees and statutory penalties. The Kentucky Supreme Court has stated that the term "willful" under KRS 61.822(5) "connotes

-8-

that the agency withheld requested records without plausible justification and with conscious disregard of the requester's rights." *City of Fort Thomas*, 406 S.W.3d at 854.

In this case, we agree with the circuit court that the Courier-Journal has not met that standard. Specifically, in *Bowling v. Lexington-Fayette Urban County Government*, 172 S.W.3d 333, 343-44 (Ky. 2005), the Kentucky Supreme Court stated that

> [a] public agency's mere refusal to furnish records based on a good faith claim of a statutory exemption, which is later determined to be incorrect, is insufficient to establish a willful violation of the Act. In other words, a technical violation of the Act is not enough; the existence of bad faith is required. The trial court's decision on the issue of willfulness is a finding of fact and, as such, will not be disturbed unless clearly erroneous.

LMPD has acknowledged its confusion regarding the correct custodian of the records at the time. While such may constitute a "technical violation of the Act[,]" it does not equal bad faith. *Id.* We discern no clear error or abuse of discretion.

Moreover, as LMPD notes in its brief, an award under KRS 61.822(5) is not mandatory. *See* KRS 61.822(5) ("[T]he court may in its discretion award . . . [attorney's fees, *etc.*].") Therefore, the circuit court retains the discretion to decline to award attorney's fees, costs, and penalties even if a party can prove willfulness.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jon L. Fleischaker
Michael P. Abate
Williams R. Adams
Louisville, Kentucky

BRIEF FOR APPELLEE:

Chris J. Gadansky
Louisville, Kentucky